## JESSENIAH KITTREDGE *versus* THOMAS BELLOWS.

Where a deputy sheriff returned upon a writ of attachment, under a particular date, that he attached a farm and left with the clerk of the town, where the farm was, a copy of the writ and of the return, it was held, that the court could not, upon such return, intend that the copy of the writ and return were left with the clerk on the day under which it was returned.

Previous to the statute of 1822, relative to the sale of rights in equity to redeem land mortgaged upon execution, such rights could pass by an extent of an execution upon the land, as the estate of the mortgagors.

If a mortgagee, after condition broken, enter upon the land and lease it, and his tenant continue in the peaceable actual possession of the land for a year, unless the right to redeem be exercised within the year, it is lost forever.

CASE agsinst the sheriff of this county. The substance of the declaration was, that Heaton, the defendant's deputy, having on the 27th January, 1825, attached a farm by virtue of a writ in favour of the plaintiff against Amos Philips, neglected to leave a copy of the writ and return with the town clerk of Walpole, where the land attached

was situate, until the 28th January, 1825, at 8 oclock in the evening, although specially requested so to do ; by reason of which neglect, several other creditors of Phillips, who attached the land after the said attachment of the plaintiff, having left copies of their writs and returns with the said town clerk previously to the time when the copy of the plaintiff's writ and return was left, as aforesaid, the plaintiff lost his said attachment.

The cause was tried here upon the general issue, at October term, 1827, and a verdict taken by consent, for the defendant, subject to the opinion of the court upon the following case ; and it was agreed, that if the court should be of opinion, that the action could be maintained, the verdict should be set aside, and a verdict entered for the plaintiff, with such damages as the court should order.

On the 27th January, 1825, the plaintiff sued out a writ against Amos Phillips, as alleged in the declaration, in this case, and delivered the same to Joseph Heaton, a deputy of the defendant, to be served, with directions to attach the farm on which Phillips lived. Heaton, received the writ, and immediately went upon the farm and attached it. On the same 27th January, after Heaton had thus attached the farm, the plaintiff's agent requested him to leave with the town clerk of Walpole, where the farm was, a copy of the writ and his return, immediately ; to which Heaton replied, that it was not necessary, Phillip's interest being only a right in equity to redeem the land, and that he would take the risk of not leaving the copy of the writ and return with the town clerk.

On the 28th January, 1825, at eight o'clock, P. M., Heaton left with the said clerk, a copy of the said writ and of his return, which was as follows :—

"Cheshire, ss. Jan. 27, 1825. By virtue of the within writ I attached a tract of land situate in Walpole, and being the farm on which the within named Phillips now

lives, meaning to include all the right he the said Phillips has, or may have, in the aforesaid premises, &c. and left a summons, &c. also left with N. Townsley, clerk of said town of Walpole, a true and attested copy of this writ with a true copy of this return thereon."

On the said 27th January, 1825, Ruggles Watkins sued out a writ against the said Phillips, and after the said Heaton had been upon said farm and attached the same as aforesaid, said Watkins caused the same farm to be attached, and a copy of his writ, and of the return to be left with the said town clerk, at 15 minutes past two of the clock, P. M. on said 27th day of January.

At the May term of the superior court in this county, 1826, the plaintiff recovered judgment against Phillips for $371,28 debt, and $11,13 costs, and on the 10th May, 1826, sued out execution. At the same court, Ruggles Watkins recovered judgment against Phillips, for $95,87 debt, and 12,08 costs, and on the 10th May, 1826, sued out execution.

On the 19th May, 1826, the plaintiff caused his said execution to be extended upon the farm attached by virtue of his writ as aforesaid.

On the 31st May, 1826, Watkins caused his execution to be extended upon part of said farm.

On the 21st May, 1818, Amos Phillips conveyed to James Hooper and Elisha Hooper, the said farm in fee and in mortgage. On the 1st July, 1822, Phillips made another conveyance of the same farm to Elisha Hooper, in fee and in mortgage.

The extent of the plaintiff's execution was made "subject to the mortgages to James Hooper and Elisha Hooper, supposed to be $2600."

Elisha Hooper, the condition of his mortgage being broken, brought a writ of entry against John Allen, declaring upon his seizin of the land and upon a disseizin by Allen, and at March term of the court of common pleas in this county, 1825, recovered judgment in that suit.

A writ of possession was awarded to be issued, provided Allen should not pay a certain sum within two months.

On the 28th May, 1825, a writ of possession issued on the said judgment, and on the 30th May, in the same year, Elisha Hooper received possession from the sheriff under that writ.

When the said Elisha entered to receive possession from the sheriff as aforesaid, he declared his object to be a foreclosure of the right to redeem the land; and he immediately leased the land to said Allen, who continued in possession under him, and paid rent, for more than a year from the 30th May, 1825.

At the time the said writ of entry was sued out against Allen, he was only a tenant for a year under Phillips. But Phillips had absconded and was not then in the state.

Several other creditors of Philips, whose debts amounted to the full value of the interest of Phillips in the land, having sued out writs against him, caused the said farm to be attached, at the time Watkins caused it to be attached as aforesaid, and caused copies of their writs and of the returns to be filed with said town clerk, on the said 27th January, 1825. The attachments of those creditors were not dissolved until after the 30th May, 1826, but have since been dissolved. This suit was commenced on the 22d November, 1826.

*Handerson,* for the plaintiff.

The first enquiry in this case is, do the facts show such negligence in the deputy as to render the sheriff liable? If they do, then the next enquiry is, what damage has the plaintiff sustained by the negligence of the defendant's deputy?

With respect to the first question, there seems to be no doubt. A sheriff is not only bound to serve all legal precepts, which are delivered to him, in any lawful manner he may be directed, but in seasonable time—in such time as he shall engage, or as the exigency of the case may reasonably require. 9 Mass. Rep. 269, *Barnard* v. *Ward*; 4 ditto, 60, *Marshall* v. *Hosmer.*

As to the damages, the case shows, that after the deputy had attached the land, on the plaintiff's writ, the same land was attached to secure debts due to other creditors amounting to its full value ; and that by the negligence of the deputy, who served the plaintiff's writ, those other creditors caused copies of their writs and returns to be left with the town clerk, before the copy of the plaintiff's writ and return was left. The plaintiff thus lost the priority of his attachment. And as the land remained subject to the attachments of those other creditors until the right to redeem the land was foreclosed, the plaintiff has lost his entire debt.

It is supposed to be clear, that the right to redeem the land was gone, before the attachments of the other creditors were dissolved. The only objection to the foreclosure is want of notice to the mortgagor. But we hold, that when the mortgagor is absent, a declaration made, as in this case, before witnesses at the time of the entry, that the entry is made for the purpose of foreclosing the right to redeem, is sufficient ; and a continued possession by the mortgagee, or his tenant, for one year after such entry, is a legal foreclosure of the right to redeem. 3 Mass. Rep. 138, *Newhall* v. *Wright* ; 13 ditto, 314 ; 5 ditto, 109 ; 12 ditto, 519 ; 9 ditto, 258 ; 17 ditto, 431, *Thayer* v. *Smith*.

The plaintiff could not redeem. If he had redeemed, it could have availed him nothing. Those whose attachments had the priority would still have held all the interest Phillips had in the land. Their attachments availed them to the value of the property, which, by an agreement made with Hooper, was applied in satisfaction of their debts.

*Joel Parker*, for the defendant.

This action cannot be supported, on the ground that a copy of the plaintiff's writ against Phillips was not left with the town clerk on the 27th January, because the return is conclusive evidence that the copy was left on

that day. 4 Mass. Rep. 478, *Slayton* v. *Chester* ; 9 ditto, 96, *Bott* v. *Burnell* ; 10 ditto, 313, *Estabrook* v. *Hapgood* ; 11 ditto, 163, *Bott* v. *Burnell* ; 17 ditto, 433, *Lawrence* v. *Pond* ; 14 ditto, 28 ; 15 ditto, 230, *Winchell* v. *Stiles* ; 2 N. H. Rep. 140 ; Com. Dig. "Return," G. ; 3 Mass. Rep. 561 ; 9 Mass. Rep. 99 ; 1 N. H. Rep. 70.

The plaintiff has sustained no damage by reason of Heaton's neglect to leave the copy, because Phillips had no interest in the land other than a right in equity to redeem, which was not liable to attachment. The statute of July 3, 1822, applies only to mortgages made after that time.

Nothing is liable to attachment which cannot be seized and disposed of on execution. 5 Dane's Ab. 33 ; 1 Pick. 399. At common law, an equity of redemption is not liable to be taken in execution. Bacon's Abridg. "Execution" C. 4 ; 1 Caine's Cases, 50, 68 & 70. The acquisition of real estate by execution, is derived from statute provisions, is in derogation of the common law and is *stricti juris.* 5 Conn. Rep. 595. The statute of February 15, 1791, authorizes an extent upon the land of a debtor, only in cases where he is seized in his own right in fee.

The mortgage given by Phillips to Hooper, is not foreclosed, and the plaintiff may still redeem and thus save his debt. The right of Phillips to redeem could not be foreclosed by a judgment against Allen, that being *res inter alios acta.* 3 Starkie, 1300 ; 1 ditto, 191.

There cannot be a foreclosure merely by a year's possession. The entry was under a judgment, and any foreclosure consequent upon it binds only the party to the judgment. There was no notice actually given to Phillips, nor any open continued possession by Hooper, as Allen was in as tenant of Phillips, and his possession continued.

There must be notice or an open visible possession, from which notice may be presumed. 17 Mass. Rep. 431.

If the foreclosure was valid as against Phillips, it is not

so against this plaintiff, who, if his attachment was valid, had an interest and was entitled to notice. 5 Conn. Rep. 544.

Every person having an interest is to be made a party to the foreclosure, otherwise he is not affected. 3 Johns. Ch. Rep. 459, *Haines* v. *Beach* ; 5 Conn. Rep. 531.

If the plaintiff is foreclosed, it is his own fault. He extended his execution upon the land in season to redeem.

RICHARDSON, C. J. delivered the opinion of the court.

It is said on behalf of the defendant, in this case, that the action cannot be maintained, because the return of the officer is conclusive evidence that a copy of the writ was left with the town clerk on the 27th January.

It is by no means clear, if we should hold that the return has the effect for which counsel contend, that it would be an answer to this action. For the case states, that Heaton made the first attachment. And if he did not perfect his attachment immediately on the same day, by leaving a copy of the writ with the town clerk, so that by his neglect in this respect, others were enabled to gain the priority for their attachments, we are not prepared to say that this was not negligence, for which this defendant may be liable.

But it is unnecessary to decide this point at the present time, because we are of opinion that Heaton's return does not furnish a proper foundation for an intendment that the copy was left on the 27th January. We entertain no doubt, that where all the doings of a sheriff, in a particular transaction, may, by relation, become valid from the day when he began to act, there, if he return several acts under a particular date, the court will intend that all the acts were done upon the day stated. But where the sheriff returns several distinct acts under one date, if the precise time when one of the acts so returned was done, becomes material, so that the principle of relation cannot apply, the court will not intend that such

act was done on the day stated, unless it appear, that from its nature, it must have been the first act done. We apply this principle in the case before us the more readily, because the return of the officer is amendable, and if the truth of the case can avail the defendant, it is within his reach.

Upon looking to Heaton's return upon the plaintiff's writ against Philips, we find that all is stated to have been done under the date of January 27. But the leaving of a copy of the writ with the town clerk was not the first act to be done by the officer. And in a case where the minute, when the copy was left, might be material, we think we are not permitted to make any intendment from this general return.

The effect of a return by the officer of the minute when a copy was left with the town clerk, must be settled by a sound construction of the statute which has made the leaving of a copy of the writ with the clerk an essential part of the attachment. But that question need not now be settled. This return is not of that description. We shall therefore look, not to the return, but to the facts stated in the case, that although Heaton made the attachment by virtue of the plaintiff's writ, on the 27th January, he did not leave the copy until the 28th, whereby the priority of the plaintiff's attachment was lost, and on this ground our decision.

It is clear, then, that the plaintiff has lost by the negligence of Heaton, the benefit of having the first attachment on the land, and is entitled to recover the amount of the damage he has sustained by reason of that negligence.

But it is said he has sustained no damage, because the right in equity to redeem the land, which he attached, was not liable to be attached. As the mortgages were made prior to the statute of July 3, 1822, the right to redeem the land could not be attached under that statute, which is in express terms confined to mortgages subse-

quently made. The question then is, did the statute of February 15, 1791, authorise the attachment of such a right ? This question was fully considered in the case of *Pritchard* v. *Brown*, where we came to the conclusion, that previously to the statute of July 3, 1822, a right to redeem land mortgaged was liable to attachment. As the grounds and reasons of the opinion we formed are stated in that case, we shall not now repeat them, and it is only necessary to say, on this occasion, that we still remain of the same opinion.

But it is further contended, in this case, that the right to redeem the land is not foreclosed by the proceedings of Hooper ; that the plaintiff may still redeem ; and thus secure the amount of his judgment against Philips ; and that therefore he has sustained no damage by the negligence of which he complains. It therefore becomes necessary to determine, whether Hooper's proceedings have foreclosed the right to redeem the land.

The decision of this question, depends entirely upon the construction which is to be given to the provisions of the statute of this state, relating to mortgages.

That statute, after declaring that all real estate mortgaged may be redeemed, has this proviso. " Provided such payment or performance, &c. shall be made within one year after such mortgagee, &c. shall have entered into and have taken peaceable possession of such real estate for condition broken ; or within one year after such person shall have been in peaceable and continued actual possession of such estate, after condition broken, whether such possession in either case shall have been gained by process of law, or by peaceable entry without such process." This statute gives a right to redeem to the mortgagor in cases, where by the terms of the contract he has no such right. But the exercise of this right is so limited by the proviso, that it seems to afford to the mortgagee two modes of foreclosing the right to redeem.

In the first place, the mortgagee may enter and take peaceable possession, for condition broken, and if the mortgagor do not redeem within one year from the time of such entry, his right to redeem is gone forever. The entry for this purpose may be by process of law, or without such process. When the entry is without process, it must be made openly and publickly, and the purpose for which it is made must be openly and publickly declared. And even when the entry is made by process, if the process has not issued in a suit against him who has the right to redeem, it ought to be made in a manner equally open and public, and the purpose of the entry should be declared. And perhaps there may be cases, in which notice of the entry ought to be given to the mortgagor or his assigns.

In the next place, the mortgagee may take possession of the land and remain in the peaceable and continued actual possession for a year after condition broken ; and if the mortgagor do not redeem within the year, his right is foreclosed. It is immaterial, whether the mortgagee in this case obtain possession by process, or by entry, without process. Nor is it in any case necessary to give notice to the mortgagor, or his assigns, of such possession. But they are bound to take notice of it, or abide the consequences.

In this case, the entry of Hooper, was open and public under process, and he declared that he entered for the purpose of foreclosing the right to redeem. Whether, under the circumstances of this case, the right of the mortgagor is barred by his neglect to redeem within a year after that entry, need not be decided in this case ; because we are clearly of opinion, that, as Hooper remained in the peaceable and continued actual possession of the land, by his tenant, for a year after the condition was broken, the right to redeem was lost by the neglect of those, who had it, to exercise it within that year.

It has been urged, that notwithstanding the plaintiff had lost the priority of his attachment, he might still have redeemed. But the answer which has been given to this by the plaintiff's counsel is decisive. A redemption of the land by the plaintiff would have been perfectly idle, while the previous attachments remained.

We are, therefore of opinion, that the verdict ought to be set aside, and a verdict entered for the plaintiff according to the agreement of the parties.

*Judgment for the plaintiff.*