IN THE

## SUPERIOR COURT OF JUDICATURE.

FOR

## THE COUNTY OF STRAFFORD, AUGUST TERM,

## A. D. 1829.

---

### BENJAMIN GILMAN *versus* JAMES HIDDEN.

If a mortgagee continue in the actual and peaceable possession of the mortgaged premises for a year after the condition is broken, the right of the mortgagor to redeem will be lost, although he may have resided with the mortgagee upon the land.

THIS was a writ of entry brought to recover a tract of land in Tamworth, and was tried here upon the general issue at September term 1828.

It appeared in evidence that, W. P. Hidden was formerly seized of the demanded premises in fee, and the demandant having obtained a judgment against the said W. P. Hidden, and sued out execution, caused the same execution to be extended upon the demanded premises on the 12th February, 1827.

The tenant then showed that W. P. Hidden, by deed dated May 2, 1822, conveyed the demanded premises to the tenant and one Thomas Jones, in fee and in mortgage, to secure the payment of $104,20, in one year, with interest.

It was then proved on the part of the demandant that on the 6th August, 1827, he tendered to the tenant $152,95, in silver money, to which there was no objection, but the tender was refused.

In answer to this, the tenant introduced evidence to show that, previous to the time when the tender was made as aforesaid, the right in equity to redeem the land had been foreclosed.

It appeared that the tenant was the son of W. P. Hidden, that at and before the time when the mortgage was made both the father and the son lived upon the land, and have since continued to reside there.

It also appeared that, as soon as the mortgage was made, the tenant took the whole management of the land, carried it on at his own expense, and received the profits, but the produce of the farm was consumed in the family.

The tenant remained thus in possession until after the time when the tender was made.

It also appeared, that after the condition of the mortgage was broken, W. P. Hidden knew that the tenant was in possession for the purpose and with the intent to foreclose the right to redeem the land.

A verdict was taken for the demandant, subject to the opinion of the court upon the foregoing case.

*Hall*, for the plaintiff.

*Emerson and Hoyt*, for the tenant.

*By the court.* The question in this case is, whether the right in equity to redeem the land was foreclosed before the tender was made by the demandant?

The right to redeem, which was created by the contract between the mortgagor and the mortgagee was lost on the 2d May, 1823.

But the statute of February 16, 1791, gives a right to redeem after the condition is broken by payment, or performance of the condition &c. "provided such payment or performance, &c. shall be made or tender thereof made to the mortgagee, &c. *within one year after such mortgagee &c. shall have entered into and have taken peaceable possession of such real estate for the condition broken, or within one year after such person shall have been in peaceable and continued*

Gilman
*v.*
Hidden.

*actual possesion of such estate after the condition broken,* whether such possession in either case shall have been gained by process of law or by peaceable entry without such process," and the real question between the parties is, whether the right given by the statute must in law be considered upon the facts stated in the case as foreclosed? The decision of this question depends upon the construction which is to be given to the statute.

We have lately had this clause in the statute under consideration in the case of *Kittredge* v. *Bellows.* In that case we were of opinion that if the mortgagor do not redeem within one year after the mortgagee has entered and taken possession for condition broken, openly and publicly declaring the purpose for which the entry is made, the right to redeem is lost. And we were further of opinion that if the mortgagee at any time after the condition broken remain in the peaceable and continued actual possession for a year, this is under the statute a bar to the right to redeem. We still retain the same opinion. The language of the statute seems to us to be clear and free from all doubt.

In this case it is not disputed that the tenant had actual and continued peaceable possession of the land for more than a year after the condition was broken before the tender was made. And the circumstance that the mortgagor also lived upon the land does not seem to be material, because he was apprised that the tenant was holding the land, after condition broken, with a view to foreclose the right to redeem. If then there was no collusion between the parties to the mortgage with a view to defraud the creditors, the right to redeem is forever gone. We are therefore of opinion, that the verdict must be set aside and

*A new trial granted.*