## DOWNER *vs.* CLEMENT & a.

Where a mortgagee enters and takes possession of the mortgaged premises, by virtue of a writ of possession upon a suit on the mortgage against the mortgager, and remains in the peaceable and continued actual possession for one year thereafter, a subsequent mortgagee has no right in equity to redeem.

Nor are subsequent mortgagees entitled to notice of such entry and possession.

BILL IN EQUITY, to redeem certain mortgaged premises.

The case was submitted to the decision of the court upon the following facts.

On the 17th day of December, 1827, Miles Randall, being seized in fee of the premises, mortgaged them to Rebecca and Sally Davis, to secure the payment of three notes payable to said Rebecca, and one note payable to said Sally. Afterwards, on the same day, he mortgaged the same premises to one John L. Davis, to secure the payment of three other notes. On the 7th day of February, 1834, Davis transferred his notes and mortgage to the plaintiff. On the 10th day of

February, 1835, the said Sally having before that time intermarried with Amos Clement, the plaintiff requested the said Rebecca, and Clement and wife, to make out an account of the rents and profits of the premises, they having been in the occupation of them, and of the sums due each of them, that he might redeem; and offered to pay the amount due on the mortgage, and tendered the sum of seven hundred dollars in discharge thereof. They refused to receive the money, alleging that the right to redeem was foreclosed. One of the notes, payable to said Rebecca on the first day of April, 1829, was not paid when it became due, and the said Sally and Rebecca, both then sole, requested both Randall and Davis to pay it, which they neglected to do.

In order to foreclose the mortgage to the defendants, a writ of entry was sued out thereon against Randall, on the 16th day of October, 1829, who then occupied the premises, and at the May term, 1830, of this court, a conditional judgment was rendered thereon, which not being satisfied a writ of possession was issued, and on the 15th day of July, 1830, possession of the premises was delivered to the said Rebecca and Sally, by the officer. They have ever since held actual and peaceable possession thereof; and on the 7th day of February, 1834, when Davis transferred his notes and mortgage to the plaintiff, had held such possession nearly three and a half years.

Should the court be of opinion that the plaintiff has the right to redeem the premises, then an auditor is to be appointed, &c.; otherwise the bill is to be dismissed, with costs.

*Joseph Bell*, for the plaintiff. The foreclosure has no effect, except upon the interest of the person against whom the suit was brought. And a foreclosure by a bill in equity affects the interest of those only who are made parties to the bill. *Haines* vs. *Beach*, 3 *Johns. Ch. R.* 459.

The purchaser under a foreclosure takes only the interest

of the party foreclosing, and that is only against the parties to the bill.

The entry and possession bar those only upon whose title the entry is made.

No notice is brought home to the plaintiff, and consequently he is not barred.

*Goodall & Woods*, for the defendants, cited *Kittredge* vs. *Bellows*, 4 *N. H. Rep*. 424, and *Gilman* vs. *Hidden*, 5 *Ditto* 30, as conclusive authorities in this case.

GILCHRIST, J. If this case were to be decided independently of the statute and decisions of this state, and upon general principles, recognized as applicable to cases of this character, we should undoubtedly hold that this plaintiff is entitled to redeem. The doctrine as to the necessity of notice by the party attempting to foreclose, to all those whose interests may be affected by the foreclosure, is well settled and acted upon elsewhere.

All incumbrancers existing at the commencement of the suit, are entitled to become parties ; for they have an interest to be affected, and ought to have an opportunity of paying off the prior incumbrances. The injustice that would be produced if they were to lose their rights because they are not made parties, is very apparent. The rule, therefore, has been well settled, and uniformly acted upon, that the subsequent incumbrancers must be parties ; and, if omitted, the decree will not bind their rights. *Haines* vs. *Beach*, 3 *Johns. Ch. R*. 459 ; 5 *Conn. R*. 531.

But we are of opinion that the question, whether the proceedings of the defendants have foreclosed the right to redeem the land, is settled conclusively by the statute of this state relating to mortgages. The act provides, that if the mortgagee, &c., shall, after the condition is broken, enter peaceably into the mortgaged premises, either under process of law, or without such process, and shall remain in the

Downer *v.* Clement.

peaceable and continued actual possession of the premises for the space of one year after such entry, unless payment or tender thereof be made within the year the right to redeem shall be foreclosed. *N. H. Laws* 486, (*Ed.* 1830.)

A construction has been given to this statute in the case of *Kittredge* vs. *Bellows*, 4 *N. H. Rep.* 424. It is there said, that "the mortgagee may take possession of the land, and remain in the peaceable and continued actual possession for a year after condition broken ; and if the mortgager do not redeem within the year, his right is foreclosed. It is immaterial whether the mortgagee in this case obtain possession by process, or by entry without process. Nor is it in any case necessary to give notice to the mortgager or his assigns, of such possession. But they are bound to take notice of it, or abide the consequences."

In the case of *Gilman* vs. *Hidden*, 5 *N. H. Rep.* 30, the case of *Kittredge* vs. *Bellows* is commented on, and approved ; and it is said, "if the mortgagee, at any time after condition broken, remain in the peaceable and continued actual possession for a year, this is, under the statute, a bar to the right to redeem. The language of the statute seems to us to be clear and free from doubt."

In this case the defendants had been in the peaceable and actual possession required by the statute, nearly three and a half years before the tender by the plaintiff and the demand by him for an account of the rents and profits. We are, therefore, of opinion that the plaintiff has no right in equity to redeem the premises.

*Bill dismissed.*