## CLARK *vs.* HOBBS.

A mortgage was executed with a condition to secure the payment of a promissory note, and was duly recorded. The mortgagee, after condition broken, instituted a suit, obtained a conditional judgment for possession, entered upon the execution of the writ of possession, held the premises peaceably for more than a year, and then conveyed them by a quitclaim deed; and the grantee afterwards conveyed to a third person, with warranty. In a real action between a subsequent mortgagee and the last grantee, the former offered parol evidence to show that the first mortgage was in fact executed for the purpose of indemnifying the mortgagee, upon a certain other transaction, and that the indemnity had been made effectual.—*Held*, that the evidence was inadmissible.

WRIT OF ENTRY, to recover divers lots of land situate in North Hampton.

The plaintiff claimed title under a mortgage from Simon Dearborn, to himself, bearing date August 22, 1818, the condition of which was to pay $675, on demand, with interest.

The defendant derived his title under a mortgage from

Simon Dearborn to the Phillips Exeter Academy, dated July 8, 1818, duly acknowledged and recorded the same day, with a condition to pay $1468, on demand, with interest, agreeably to a note of that date ; and a judgment on said mortgage, recovered September term, 1822, upon which a writ of possession issued November 30, 1822, and was executed December 8, 1822.

The Academy, having remained in possession until July 10, 1826, by a quitclaim deed of that date, duly recorded February 3, 1827, conveyed their interest in the premises to Samuel Lock, who, January 10, 1829, by deed with the usual covenants of warranty, recorded August 4, 1829, conveyed the same premises to the defendant.

The plaintiff then offered to prove that the Academy, at the date of the mortgage to the corporation, had no claim against Simon Dearborn except a note signed by Reuben G. Dearborn as principal, and Thomas Marston and Simon Dearborn as sureties—that Reuben G. Dearborn, having mortgaged a certain tract of land to Jeremiah Robinson and Thomas Vesey, to secure the payment of a note for $1321-83, Simon Dearborn, on said 8th of July, 1818, proposed to the Academy to put the note of Reuben G. Dearborn, upon which he was surety, in suit, and levy the execution they might obtain on the equity of redemption of the lands mortgaged to Vesey and Robinson, and on some other real estate belonging to said Reuben, and to take an assignment of the mortgage to Vesey and Robinson—that to induce the corporation to do so, there being some doubts about the title, he agreed to give the Academy a note for the amount due on the mortgage from Reuben G. Dearborn to Vesey and Robinson, and secure the same by a mortgage on the land now in dispute ; and in case the title to the premises mortgaged to Robinson and Vesey failed, said Simon was to be held on his note and mortgage, and if the title proved to be valid, then his note and mortgage were to be given up—that this proposition was complied with by the Academy, and the mort-

gage under which the defendant derives his title was made in pursuance of it—that the Academy afterwards took an assignment of the mortgage to Robinson and Vesey, and levied on the equity of redemption, and other lands—and that the premises thus set off, with the land contained in the Vesey and Robinson mortgage, have been in possession of the Academy, and in the possession of persons claiming under the corporation, to this time, without any disturbance whatever.

The defendant, denying that these facts existed, contended that if they were established they did not make out the plaintiff's title against him, because he derived his title through *bona fide* purchases from the Exeter Academy, which held by a writ of possession executed, and a foreclosure under it, and that he had no notice of the existence of any such facts.

The court rejected the evidence ; whereupon a verdict was taken for the defendant, by consent, and the plaintiff moved for a new trial.

*Emery*, (with whom was *Bartlett*,) for the plaintiff, contended that the testimony should have been admitted. It goes to prove in substance a payment of the debt.

The mortgage was in fact given, not for the debt, but to secure and indemnify the Academy for levying on other lands. The title in those lands has become perfect, and the mortgage is discharged.

It may be answered that the mortgage is foreclosed, but if performance is received after that, it is enough. 6 *N. H. Rep.* 12, *Batchelder* vs. *Robinson ;* 4 *Greenl. R.* 495, *Quint* vs. *Little.*

The defendant got but a mortgage title. He had notice, by registry, of that. 1 *Story's Eq.* 392 ; 1 *Johns. Ch. R.* 394. This, with the fact that the conveyance from the Academy was by quitclaim, was sufficient to put him on inquiry. 8 *N. H. Rep.* 264, *Rogers* vs. *Jones.*

Clark *v.* Hobbs.

The judgment settles nothing more than the amount due and right of possession. 1 *N. H. Laws* 511; 2 *N. H. Laws* 77. It does not bind the plaintiff, as he was no party to it. 2 *N. H. Rep.* 443, *Thrasher* vs. *Haines; Ditto* 192, *Burrill* vs. *West; Roscoe's Evid.* 100, *and cases collected.*

*Bell & Tuck*, for the defendant, argued that the plaintiff was not a stranger to the judgment. He was bound to take notice of the foreclosure. 17 *Pick. R.* 122, *Hunt* vs. *Hunt.* —that the evidence proposed was in violation of a rule of law that a deed cannot be controlled by parol evidence of a trust not expressed. 13 *Mass.* 443, *Flint* vs. *Sheldon.*—and that the defendant, being a grantee without notice, holds the lands discharged of the trust. 1 *Hilliard's Abr.* 231; 1 *P. Wms.* 278, *Finch* vs. *Earl of Winchelsea; 6 Pick. R.* 18, *Manning* vs. *Fifth Par. in Gloucester;* 1 *Cranch* 100, *Wilson* vs. *Mason;* 4 *N. H. Rep.* 404, *Pritchard* vs. *Brown;* 1 *Cruise's Dig.* 485, 540.

PARKER, C. J. Both parties claim title under Simon Dearborn, who was formerly the owner of the demanded premises.

On the 8th of July, 1818, he mortgaged to the Phillips Exeter Academy, with a condition for the payment of a note for $1468, on demand, and interest.

On the 22d of August, 1818, he mortgaged to the plaintiff, to secure another note.

The Academy recovered judgment September T., 1822, as of mortgage. A writ of possession was executed November 30th, 1822, and the mortgagees remained in the peaceable possession of the premises until July 10, 1826, when they conveyed their interest, by quitclaim, to Samuel Lock, who, January 10th, 1829, conveyed by warranty to the defendant.

The plaintiff offered to prove that the mortgage to the Academy was given in fact to secure and indemnify the Academy in relation to another tract of land, on the equity of redemption of which, at the request of the mortgager, the

Academy had levied a debt for which he was surety, taking an assignment of a mortgage upon it, made by Reuben G. Dearborn; and that the Academy had since the levy had peaceable possession of that tract of land, and held it so long as to have perfect evidence of title; and he contended that, being thus indemnified, the true condition upon which the mortgage to the Academy was given had been performed, and that it became discharged.

But a sufficient answer to this is, that the mortgage to the Academy does not appear to be on any such condition. It appears, on its face, to be given to secure the payment of money acknowledged to be due.

After the condition was broken, a suit was instituted, judgment obtained, possession taken, and the Academy more than three years continued in the peaceable possession of the premises. This operated as a foreclosure, not only as to Simon Dearborn, but as to the demandant and all others who then had any claim upon the land derived from him. 4 *N. H. Rep.* 424, *Kittredge* vs. *Bellows;* 17 *Pick. R.* 122, *Hunt* vs. *Hunt; Downer* vs. *Clement,* (*ante* 40.) It is equivalent to making them parties to a bill for foreclosure.

So long as that judgment stands, it is evidence of the amount due, and of the right of the Academy to the possession of the land, the amount of the judgment not having been paid.

Having thus foreclosed, the corporation conveyed to Lock, who afterwards conveyed to the defendant.

If, then, the facts are as the plaintiff alleges, whatever remedy he might have had to avoid the mortgage to the Academy, if any, he cannot now be admitted to show those facts, for the purpose of defeating the title of the defendant, who appears to be a *bona fide* purchaser, without notice of any fraud or trust, and who has a right to rely upon the mortgage on record, and the foreclosure, as evidence of a perfect title in the Academy, when they conveyed to Lock, his grantor.                    *Judgment for the defendant.*