## COLBY *vs.* POOR.

Where land, part of which is subject to a life estate, is mortgaged, and the mortgagee enters into the residue, and retains peaceable possession for a year, (due notice by publication having been made,) the mortgage will be foreclosed.

WRIT OF ENTRY, to recover certain premises in Society Land. The writ was dated July 24, 1840, and entered at the August term in that year. The action was continued from term to term, until February, 1842, when the tenant pleaded the following alleged facts in bar of its farther maintenance, viz: that the demandant, in March, 1837, mortgaged the premises in question to one Woodbury, who subsequently assigned the mortgage to one Brown; that an entry to foreclose was made by Brown, November 26, 1840, for breach of condition; that Brown continued in actual peaceable possession for the space of one year thereafter, having complied with the statute requirements as to publication of notice, and on the 27th day of January, 1842, conveyed the premises to the tenant. The plea in bar also alleged that the demandant's right to redeem said mortgage was sold, on execution recovered against the demandant on the first Tuesday of February.

To this plea the demandant replied that he ought not to be precluded, &c. for the reason that said Brown did not, on the 26th day of November, 1840, or at any other time, enter into peaceable possession of the demanded premises, for condition broken and to foreclose said mortgage, and remain in peaceable

actual possession of the same for the space of one year next after said entry; and upon this issue was joined.

The mortgage was proved as alleged; but it appeared that the demandant's mother had a right of dower in the premises, duly set off to her prior to the execution of said mortgage. The entry and possession by Brown was complete and uninterrupted, except as to the portion so set off to her as dower. Due publication of notice was also made as alleged.

It also appeared that there were two houses on the demanded premises. The smaller one and a part of the larger one formed part of the tract set off to the demandant's mother for her dower, as above mentioned. He and his mother resided together in the large house, and he carried on her part of the farm. The remainder of the demanded premises was occupied by a tenant placed there by Brown, who, by the demandant's orders, went into the small house, he, the demandant, stating that he preferred to occupy the other, where (as it was proved,) he had always lived with his mother.

It was contended by the tenant that on this evidence peaceable possession of the premises was shown, except so far as there was an outstanding title at the time of the execution of said mortgage, possession of which could not be taken, and so the mortgage was foreclosed and the demandant barred from maintaining this suit.

The tenant also contended that the mortgagee, having entered into possession after condition broken, he could rightfully maintain such possession as against the mortgagor, whether the mortgage was foreclosed or not, and that in this view the issue joined was immaterial.

On the foregoing facts a verdict was taken for the demandant, with the agreement that the same should be set aside and judgment rendered for the tenant, if this court should so direct.

*F. Pierce*, for the demandant.

*Brown* and *Farley*, for the tenant.

Colby *v.* Poor.

Parker, C. J.   The last position taken by the tenant does not seem to be sustained on the facts.   The tenant does not appear to have had any title at the commencement of the suit, on the evidence stated.   The demandant had been in possession with title, and might well maintain an action against any one but the mortgagee, or some one claiming under him, which it does not appear the tenant did when the suit was instituted.

The tenant, then, if he will defend himself, must do so on his plea ; and the question is, whether, on the evidence, Brown did enter into peaceable possession of the premises, and hold the same so as to foreclose the mortgage ; or whether the right of dower in the plaintiff's mother in one third, and her possession, with that of the plaintiff living with her, prevented a foreclosure. If foreclosed, Brown must have had peaceable possession within the intent and meaning of the plea.

This was not properly a mixed possession.   Brown's tenant and this demandant, with his mother, occupied severally.   As the demandant occupied by an arrangement with the tenant, he may, to the extent of his occupation of all but the dower, be regarded as Brown's tenant.   The question then is, whether, where land, part of which is subject to a life estate, is mortgaged, and the mortgagee enters into the residue, and retains peaceable possession for a year, the mortgage will be foreclosed.   This is settled by the principle of *Gilman* vs. *Hidden*, 5 *N. H. Rep.* 30, where it is held that if a mortgagee continue in the actual and peaceable possession of the mortgaged premises for a year after the condition is broken, the right of the mortgagor will be lost, although he may have resided with the mortgagee upon the land. The fact that part of the premises was subject to the life estate of the widow, could not prevent an entry into the residue for the purpose of foreclosure, and a peaceable possession of all the mortgagee could possess, for the term of a year, without redemption, must operate as a foreclosure, or there could be no foreclosure under the statute.   We are of opinion that the life estate in part cannot debar the mortgagee of his remedy in this mode. If it would, there seems to have been no mode in which the mortgagee could have foreclosed in such case, prior to the exist-

ence of the chancery jurisdiction. No suit could have been maintained for the part occupied as dower.

*Verdict set aside, and judgment for the defendant.*