## MARTIN LENNON *vs.* JOHN K. PORTER.

An entry on part of land mortgaged by one general description, a certificate of which entry is duly made on the mortgage deed and recorded, pursuant to Rev. Sts. *c.* 107, § 2, as an entry on the whole land, and followed by three years' possession, forecloses the right of redemption of the whole land, against the mortgagor and all claiming under him by title subsequent to the mortgage, even against such a claimant who during said three years had possession of part of the land, and blasted, cut and carried away stone therefrom.

SHAW, C. J. There seems to us to be no great difficulty in this case. It is a bill in equity to redeem a mortgage, and is

submitted to us upon the bill and answer and an agreed state-ment of facts. The plaintiff seeks to redeem a certain parcel of land in Roxbury. He claims under a deed made by Horn & Sinclair to Patrick Neilan in 1846, and a subsequent deed from Neilan to him. The defendant claims under two mortgages made by the same Horn & Sinclair in 1844, one to George Dove, and one to John W. Bradlee, (the former having come by assignment to Bradlee,) the said prior mortgages each embracing, in the description of the mortgaged premises, the parcel of land now in controversy, with a much larger parcel, all however included in one description. The defendant insists that all right of re-demption of the plaintiff was foreclosed by the entry of Bradlee for condition broken in 1850, on his own and Dove's mortgages, and a continued possession of three years, after which Bradlee divided the land between his daughters.

The plaintiff alleges that he had no actual notice of Bradlee's prior mortgage ; also, that he had no actual notice of Bradlee's entry to foreclose. But he cannot deny that Bradlee's prior mortgages were recorded before the deed to Neilan, under which he claims. Such record of the mortgages was constructive no-tice to subsequent purchasers, of which they are bound to take notice at their peril. Were it otherwise, our system of registra-tion of titles and incumbrances would be utterly worthless.

So Bradlee's entry for condition broken was made conform-ably to the statute, and immediately recorded. Rev. Sts. *c.* 107, § 2. The object of this provision is to give notice to all persons concerned ; all are presumed to know the law, and therefore to know that, after such entry, and the lapse of three years there-from, if no steps are taken to redeem, the mortgagee's estate becomes absolute, and all who claim under the original mort-gagor, by titles commencing at a time subsequent to such mort-gage, are barred. Horn & Sinclair could give Neilan no better right than they had, which was to redeem within three years of an entry for condition broken. Neilan took of them, and the plaintiff took of Neilan, subject to such prior mortgages.

The only question then, which could arise, is, whether the mortgages of Bradlee extended to the whole, and whether his

entry was coextensive with his mortgages. Of this there is no doubt, on the documents. It is conceded that the mortgages embraced the whole; the certificate of entry was made upon the mortgage deeds as of an entry upon the entire premises; no distinction was made of any part, and therefore it was a legal entry on the entire parcel mortgaged. This would have been a good entry on the whole land, though it had consisted of several parcels, if all were embraced in one description, and bound for the performance of one condition. *Bennett* v. *Conant*, 10 Cush. 163. No subsequent act was done by Bradlee, which could be regarded as a waiver of his entry.

Several facts are set forth in the agreed statement, tending to show that the plaintiff and his predecessor Neilan had possession of that part of the premises now sought to be redeemed, and did various acts of ownership thereon, during the three years after Bradlee's entry, by blasting, quarrying and carrying away stone, and the like, without the knowledge of Bradlee. But it is well established that a mortgagor, especially after entry, cannot disseize his mortgagee, or defeat his right of possession. All such acts are held to be done in subordination to the title of his mortgagee. *Hunt* v. *Hunt*, 14 Pick. 374.

Since the provision in the Rev. Sts. *c.* 107, § 2, for recording the evidence of the entry of the mortgagee, this must be considered constructive notice, by which all persons may ascertain the relation which the prior mortgagee holds to the property; and the mortgagor, and all claiming under him, are conclusively prevented from holding adversely to his paramount right. *Bennett* v. *Conant*, 10 Cush. 163.      *Bill dismissed.*

*G. Minot & C. P. Judd*, for the plaintiff.

*J. Lowell & W. S. Dexter*, for the defendant.