MATTHEW P. ROBBINS · *vs.* AARON RICE.

A levy of an execution for the possession of land, issued on a judgment on a writ of entry to foreclose a mortgage, affects no rights of a *bona fide* purchaser without notice before the execution is recorded pursuant to *St.* 1848, *c.* 144, nor against one who after such record acquires the title of such purchaser.

BILL IN EQUITY to redeem land from a mortgage. The case was set down for hearing on the bill and answer, so much of which as is material to the understanding of the decision is stated in the opinion.

*J. B. Robb,* for the plaintiff.

*E. Buttrick,* for the defendant.

MERRICK, J. By § 1 of the *St.* of 1848, *c.* 144, it is provided that whenever any execution, issuing upon a judgment upon a

writ of entry, for the possession of real estate, shall be served by any officer, he shall, before the return thereof into the clerk's office, cause the execution, with his doings thereon, to be recorded in the registry of deeds for the county in which the real estate is situated, the expense of which recording shall be added to the charge of serving the execution. The legislature have not declared what was intended to be the effect and operation of this statute, or the consequences which should follow a failure to comply with its requisitions; but have left them to be ascertained and determined by a just and proper interpretation of its provisions. And, considering it for this purpose, we think it is manifestly intended to constitute a part of our general system of registration of the evidences of title to real estate, and that the sole object and design of it, as of former not dissimilar enactments, is to protect subsequent attaching creditors, and persons purchasing in good faith and for a valuable consideration, from the effect of secret and unknown conveyances. In this view, it was quite essential, in order to make the system in reference to the redemption of mortgaged real estate uniform and complete. If an open and peaceable entry, not opposed by the mortgagor or other person claiming under him, is made upon the mortgaged premises for the purpose of commencing the process of foreclosure of the right of redemption, it will be wholly ineffectual, unless the memorandum or certificate thereof required by law is within thirty days afterwards duly recorded in the registry of deeds for the county where the mortgage is recorded. Rev. Sts. c. 107, § 2. This is constructive notice to all persons who claim by any title acquired subsequently to the mortgage under which the entry for foreclosure is made, and enables them to determine, with facility and precision, what is necessary to be done for the preservation and protection of the interest which they may have acquired in the estate. A like facility was requisite, but before the St. of 1848, c. 144, was wanting, in those cases where a prior mortgagee seeks to foreclose the right of redeeming, by acquiring and retaining possession of the estate by means of an action at law. The object of this statute was plainly to supply that defect. Indeed, for any other purpose

it is wholly useless, and must be entirely inoperative. Constructive notice is unnecessary between the immediate parties to the action, or to the tenant who is turned out by the officer under a writ of possession when he puts in another person in his place. And the reason is, that they have actual notice; and therefore the statute was not made on their account or for their benefit. The only persons then, who can derive any advantage from the statute, or whose rights can be in any way affected by it, are subsequent attaching creditors, or purchasers in good faith for a valuable consideration. Their rights of redemption are not to be foreclosed without actual or constructive notice. Hence it is made the duty of the officer who serves the writ of execution, to cause his doings to be seasonably recorded. If he does not do so, though the possession may be available to the mortgagee against the mortgagor, or such person claiming under him as the real action has been prosecuted against, it will be insufficient to cut off, foreclose or bar the right of redemption belonging to subsequent *bona fide* purchasers, whether in mortgage or in fee, who have not had knowledge of the prosecution of the suit and service of the execution.

Under this construction of the statute, it will appear, upon an examination of the facts stated in the bill and answer, that the plaintiff is not precluded from maintaining his right to redeem the mortgaged premises, by the possession thereof which was taken and retained by Augustus Wellington, whose title is now held by the defendant. Wellington was the first mortgagee. To obtain possession of the mortgaged estate by action, he prosecuted his suit against Timothy D. Taylor, who had become the owner of it, subject to the mortgage held by Wellington, and to two subsequent mortgages; one made by David Wood to Nehemiah Wellington, and the other by Henry W. Warren to Louis L. Robbins. In this suit, judgment was recorded in December 1848, and execution issued thereon in April 1849. The execution was duly served; but the execution, with the officer's return upon it, was not recorded until the 28th of August 1852. The plaintiff's bill was filed on the 26th of April 1853, less than eight months after he was affected by the constructive

notice resulting from the registration of the officer's doings on Wellington's execution against Taylor. The right of the plaintiff is the right of Robbins, who took a conveyance in fee from David Wood, subject to the two first mortgages. He then conveyed in fee to Warren, and took back from Warren a mortgage to secure the payment of four thousand five hundred dollars ; which mortgage he assigned to Rice, and Rice assigned the same to the plaintiff. Thus it appears that the plaintiff is a purchaser in mortgage, in good faith, for a valuable consideration, of the premises sought to be redeemed, subsequently to the mortgage under which the defendant claims title, and by virtue of which Augustus Wellington obtained judgment and execution against Taylor. As it is by the agreement of the parties, for the purpose of the present determination, to be taken that neither the plaintiff nor Rice had actual knowledge of the judgment against Taylor, or of the possession of the premises obtained and continued by Augustus Wellington ; and as, for want of any registration of the doings of the officer on the execution against Taylor, Rice is not affected by any actual or constructive notice of the steps taken by the first mortgagee to effect a foreclosure of the right of redemption ; the plaintiff, who holds Rice's title, is not precluded from maintaining his present bill against the defendant.

It is urged, in the argument for the defendant, that the plaintiff ought not to be allowed to maintain this bill, because the execution against Taylor and the officer's return thereon were all duly recorded before he acquired any interest in the estate ; that he is not, therefore, to be considered as a subsequent purchaser as against whom the possession of Wellington is ineffectual for want of registration. But the answer to this is, that he held the title of Rice, and may now enforce whatever right Rice had to redeem the premises from Wellington. As to him, Rice was clearly a subsequent *bona fide* purchaser.

*Plaintiff entitled to redeem.*