LOUISA ELLIS *vs.* SANFORD DRAKE & others.

An entry by a mortgagee upon mortgaged premises, made, certified and recorded as provided in Rev. Sts. *c.* 107, § 2, will have the effect to foreclose the mortgage, after the expiration of three years, although the entry was purposely made in secret.

BILL IN EQUITY setting forth that on the 18th of February 1860 the plaintiff purchased and took an assignment of a mortgage of certain real estate in Holliston, which was under a prior mortgage to Timothy Daniels to secure a certain indebtedness to him ; that before or on the 13th of May 1858 Daniels agreed to assign his mortgage to an agent of the defendants, and in the night of the same day took a formal possession of the premises under the statute, in the presence of two witnesses, for the purpose of foreclosure ; that on the 17th of the same month he assigned his mortgage, in pursuance of his agreement, and the defendants now claim that the foreclosure has become absolute ; but that the possession so taken was secret, collusive and

---

fraudulent, and without notice to the plaintiff; that the defend-ants have never been in the actual possession of the premises; and that it was agreed at the time to keep the matter a secret The prayer was that the plaintiff might be allowed to redeem, and for further relief. The defendants filed a general demurrer.

*A. Hemenway*, (*L. H. Wakefield* with him,) for the defend-ants, cited *Lennon* v. *Porter*, 5 Gray, 318; *Bennett* v. *Conant*, 10 Cush. 163.

*W. Lovering*, for the plaintiff, cited *First Mass. Turnpike Corp,* v. *Field*, 3 Mass. 201; *Thayer* v. *Smith*, 17 Mass. 429; *Homer* v. *Fish*, 1 Pick. 435; *Gordon* v. *Lewis*, 1 Sumner, 527.

DEWEY, J.   The counsel of the parties have argued this case upon the assumption that the bill sets forth that the certificate of an entry by Timothy Daniels for breach of condition of the mortgage, signed by two witnesses, had been recorded in the office of the registry of deeds, in accordance with the provisions of Rev. Sts. *c.* 107, § 2.   But the bill contains no such aver-ment.   It sets forth an entry in the night time of the 13th of May 1858, and a formal possession taken under the statute to foreclose the mortgage, and then proceeds to aver that the pos-session was collusive, not publicly taken, but agreed to be kept secret; that no notice was ever given to the plaintiff of the proceedings, and that the defendants have never been in the actual possession of the premises.

Such an entry and taking of a formal possession, with nothing more, would not operate to foreclose this mortgage.   It was at least necessary that a certificate of two competent witnesses to such entry should be made and sworn to before a justice of the peace and recorded within thirty days after the entry in the reg-istry of deeds where the mortgage was recorded.   No such fact being alleged, the plaintiff does not show by her bill that the mortgage was foreclosed, and her right of redemption barred. In this state of the case, the demurrer filed on the part of the defendants cannot be sustained.

If the question, however, be whether an entry made in the presence of two witnesses, duly sworn to before a justice of the peace, and duly recorded in the registry of deeds, would

operate as a foreclosure if attended with the circumstances al‑
leged in this bill, it becomes necessary to consider more partic‑
ularly what is required by the Rev. Sts. *c.* 107, § 2, and the
judicial decisions thereon, to foreclose a mortgage. That such
certificate was duly made and recorded appears from other
papers in the case.

In the case of *Swift* v. *Mendell,* 8 Cush. 359, it was said by
this court that the Revised Statutes "provide that the cer‑
tificate constituting the evidence of an entry to foreclose shall
be recorded, for the information of all parties examining the
title." In *Bennett* v. *Conant,* 10 Cush. 167, it was further said :
" This is a full and authoritative notice to all persons of the
fact and date of the mortgagee's peaceable entry with the
knowledge and consent of the mortgagor, of the cause of such
entry for breach of condition, and of his purpose to foreclose."
The case of *Lennon* v. *Porter,* 5 Gray, 318, is still more explicit,
saying : " The object of this provision is to give notice to all
persons concerned ; " and further : " Since the provision in the
Rev. Sts. *c.* 107, § 2, for recording the evidence of the entry
of the mortgagee, this must be considered constructive notice,
by which all persons may ascertain the relation which the prior
mortgagee holds to the property ; and the mortgagor, and all
claiming under him, are conclusively prevented from holding
adversely to his paramount right."

Upon looking at the averments in this bill, it will be seen that
the leading position taken and relied upon to avoid the fore‑
closure is, that the entry was a secret one, and designedly so.
That any publicity should necessarily be given to the entry can
hardly be affirmed, since it may be made upon any small por‑
tion of a large tract of land, and, in the case of a mortgage of
two separate parcels of land, by an entry on one of them, as
was held in one of the cases already cited. Permitting the
mortgagor to continue in the occupation of the premises is also
held not to defeat the operation of an entry for foreclosure.
The rule of law as now held seems to be that the entry by the
mortgagee for condition broken, in the presence of two wit‑
nesses, and a certificate thereof duly sworn to before a justice

of the peace, and duly recorded, are all that is necessary to effect a foreclosure.

As to the mortgagor or those who may hold his equity of redemption, they know, or are bound to know, the existence of the mortgage, and the condition thereof; and knowing that mortgages may be foreclosed by an entry under the provisions of the statute, if not redeemed in three years after such entry, they are bound to inquire and ascertain by the public records whether such entry has been made, and govern themselves accordingly. The same is true of other parties who are about to become interested in the estate by purchase or otherwise. To all such, the record in the registry of deeds is the notice of the entry for foreclosure. We think, therefore, that the fact that the entry was more or less public, or that the same was attended by circumstances adapted for concealment, is of no importance, if the certificate of such an entry is duly sworn to and recorded. This registered certificate furnishes ample means to guard against surprise or concealment, as such record must exist three years, lacking thirty days, before a foreclosure can take effect.

As to the complaint that no actual notice of the making of such entry was given to the party now seeking to redeem, the ready answer would seem to be that it was no part of the duty of the mortgagee to give her any such notice, as she did not become connected with the estate, or acquire any right of redemption thereof, until more than a year after the entry had been made. So also the alleged purpose of the mortgagee at the time of the entry to conceal it could have no reference to the plaintiff, for the like reason.

The plaintiff, having acquired her title by a conveyance made to her on the 18th of February 1860, had therefore, by force of the certificate, if one was duly recorded in the office of the registry of deeds in May 1858, as is assumed by the parties, constructive notice of the entry to foreclose the mortgage, and was bound to act accordingly, and to proceed to avail herself of her right to redeem within the three years allowed by the statute.