THOMPSON & a. *v.* PARIS.

The foreclosure of a mortgage according to the provisions of Gen. Laws, c. 122, s. 14, bars the redemption right of the mortgagor and all persons claiming under him, including minor heirs.

BILL IN EQUITY, to redeem a mortgage. Facts found by the court.

*Batchelder & Faulkner*, for the plaintiffs. It is claimed, that because the statute declares that the right of the mortgagor and all persons claiming under him to redeem shall be forever barred and foreclosed in either of three modes, and because Williams followed the strict letter of one of those modes, the rights of the mortgagor who was then dead, and her children who were minors without guardians, are forever gone  This reasoning, if sound as to the second of the statutory modes, ought to be good for the first, which is a foreclosure by suit at law, and if bad for the first must be bad for the second, for the statute makes no distinction between the three modes.

If the foreclosure had been by suit at law, and no guardians *ad litem* were appointed for the minors, although they were personally served with process, the authorities are abundant that the judgment would be erroneous and voidable. The personal service of process is necessary before guardians *ad litem* can be appointed, and the appointment of such guardians is indispensable to the validity of a judgment which affects the interest of minors. *Beckley* v. *Newcomb*, 24 N. H. 359; *Crockett* v. *Drew*, 5 Gray 399; *Austin* v. *Seminary*, 8 Met. 196; *Abdil* v. *Abdil*, 26 Ind. 287; *Pugh* v. *Pugh*, 9 Ind. 132; *Herdman* v. *Short*, 18 Ill. 59; *Rutter* v. *Puckhofer*, 9 Bosw. (N. Y.) 638.

If it had been by a proceeding in equity, the rights of the minors would have been as carefully guarded—1 Dan. Ch. (1st Am. ed.) 203–224, 2 Kent. Com. 245, 1 Wash. R. Est. 594, *True* v. *Congdon*, 44 N. H. 48; nor would entry upon the premises and personal notice thereof to their natural guardian affect their rights, as is claimed by the defendant. In *Moomey* v. *Maas*, 22 Ia. 380, where the minor heirs of a deceased mortgagor and their mother, their natural guardian, were personally served with notice of a foreclosure suit, it was held that the decree was voidable.

It cannot be possible that the second statutory mode is intended to be more far-reaching in its effects than the first mode, and that publishing in a newspaper a notice will cut off the rights of those who may be of too tender an age even to read, much less understand, such notice. All such statutory provisions are construed as meaning to include in the scope of their effect only such persons as have such a legal status that their rights can be affected thereby. Again: All proceedings in foreclosure in effect transfer by process of law the title of the property from the mortgagor to the mortgagee; and a minor without a guardian can no more be deprived of his title to the property by such proceedings, than he can give an indefeasible title to the same by deed without his guardian. For a few recent cases in other states, allowing infants to avoid their deeds made during infancy, we cite *Watson* v. *Billings,* 38 Ark. 278—*S. C.,* 42 Am. R. 1; *McMorris* v. *Webb,* 17 S. C. 558— *S. C.,* 43 Am. R. 629; *Wilson* v. *Branch,* 77 Va. 65—*S. C.,* 46 Am. R. 709; *Birch* v. *Linton,* 78 Va. 584—*S. C.,* 49 Am. R. 381.

*A. S. Wait, H. W. Parker,* and *Ira Colby,* for the defendant.

BINGHAM, J.    The plaintiffs, Henry M., Edward, Jr., and Frederick P. Thompson, were the children of Edward and Elizabeth A. Thompson. Both parties claim title under Elizabeth,—the plaintiffs as her heirs, and the defendant under her conveyance.

September 15, 1876, a title to the land in question was in Elizabeth, and she mortgaged it to James H. Williams to secure the note of herself and husband for $3,500. February 1, 1877, Elizabeth died, leaving the plaintiffs, her minor heirs. No administration was taken on her estate, nor guardian appointed for the children. July 25, 1879, Williams entered upon the mortgaged premises for the purpose of foreclosure, and perfected the same according to the statutes, without knowing of the existence of the plaintiffs, and they had no knowledge of the proceedings for foreclosure. December 2, 1880, Williams quitclaimed to Edward, the father and natural guardian of the plaintiffs, all his interest in the premises for his debt and costs in the foreclosure, and both parties supposed that it passed a perfect title.

The defendant, October 27, 1882, relying upon the record of the foreclosure and the representations of Edward as to the validity of his title, loaned him in good faith $16,000, and took a mortgage to secure its payment on the premises in question. The defendant is in possession of the premises under process of law for the purpose of foreclosing his mortgage for condition broken. The plaintiffs claim that they are not barred from redeeming the Williams mortgage by the foreclosure, first, because they had no knowledge of it, and second, because of their minority.

Aside from the statutes and decisions of this state, the plaintiffs, on well recognized general principles, would be entitled to redeem.

In proceedings ·in chancery for the foreclosure of mortgages, in other jurisdictions, all persons in interest are made parties and notified of the proceedings, or they are not bound by the decree; and, so far as the statutes of this state have not provided independent methods of foreclosure, and do not control and govern the substance and form of foreclosures in chancery, the same may now exist. *Wendell* v. *Bank*, 9 N. H. 404, 417; *Green* v. *Cross*, 45 N. H. 580.

It does not appear that the plaintiffs had notice in fact of the proceedings of foreclosure on the Williams mortgage; and this raises the question whether the notice required by the second mode, in *c.* 122, *s.* 14, of the Gen. Laws, is all the notice they would have been entitled to if they had been of age. It appears that the statutory notice was duly given.

*Downer* v. *Clement*, 11 N. H. 40, was a bill in equity to redeem mortgaged premises, by a second mortgagee, on which the first mortgage had been foreclosed by the statutory method, of which the plaintiff was not notified; and it was decided that he was not entitled to notice, and that his right to redeem was foreclosed. The court, after stating the general doctrine, said,—" But we are of opinion that the question whether the proceedings of the defendant have foreclosed the right to redeem the land is settled conclusively by the statute of this state relating to mortgages," citing *Kittredge* v. *Bellows*, 4 N. H. 424, and *Gilman* v. *Hidden*, 5 N. H. 30, to sustain the position, in which cases it is said, in substance, that it is not necessary to give notice, other than that required by the statute, to the mortgagor or his assigns, but they are bound to take notice of the statutory proceedings, or abide the consequences.

*Howard* v. *Handy*, 35 N. H. 315, was a bill to redeem by the owner of the equity, who had no knowledge of the statutory foreclosure; and on page 326 it is said by the court that " The general publication of notice of an entry to foreclose, in some newspaper printed in the county, must, under the statute, be held to be a sufficient notice to all persons interested that the foreclosure has been commenced. If this notice is not actually brought home to a party interested to know of the entry, as was the fact with the complainant, it must be treated as a misfortune for which there is no remedy." In *Pitts* v. *Aldrich*, 11 Allen 39, a bill in equity to redeem, by the widow of the mortgagor, who had released her right of dower in the mortgage, it was held that it was not necessary to make her a party to the proceedings of foreclosure under the Massachusetts statute; and the court, on page 40, say,—" The decisions of other states requiring the wife or widow to be made a party to proceedings in equity for foreclosing a mortgage in which she has released her dower, have no application in this commonwealth, where a statute mode of foreclosure is provided which does not require that she be joined or notified." Still the wife, in

Massachusetts, who has released her dower in a mortgage, may join with her husband in a bill to redeem (*Davis and Wife* v. *Wetherell*, 13 Allen 60), although it is not necessary to make her a party or notify her of proceedings to foreclose the mortgage brought under the statute.

It is believed that the practice in this state has generally been, not to join the wife in the legal proceedings brought to obtain the possession of land mortgaged by the husband, in which she has released her dower, for the purpose of foreclosing, yet it seems never to have been questioned that her right to redeem has been foreclosed.

Is it a greater statutory innovation to say that minor heirs who may bring a bill to redeem at any time after condition broken, by next friend or guardian, should be foreclosed without being made parties or notified? Their disabilities are not greater than those of married women at common law, and we are not aware why the statutory foreclosure may not apply to them in this respect as well as married women.

This brings us to the second inquiry, whether the plaintiffs are excepted from the operation of the foreclosure because of their minority. It is true that, in proceedings at common law, no valid judgment can be rendered against a minor without the appointment of a guardian *ad litem*, and that the deeds of minors are voidable; but this does not answer the inquiry. It is not what their rights are at common law or in chancery, but what they are now, as modified and controlled by the statute; what the intention of the legislature was in enacting it, and how it should be construed. It is plain that it was not the design of the statute to reënact the chancery method of foreclosing mortgages, but to go aside from it and establish a new and substantially independent system. It was first enacted in this state February 16, 1791, and is based upon the idea that a mortgage deed conveys land on the failure of the mortgagor to perform its condition, with the right of the mortgagee to enter, take the rents and profits, and foreclose in some form the equitable right of the mortgagor to redeem; that this being the contract of the parties to the mortgage, when the mortgagor fails to perform the condition, the mortgagee under his authority in the deed may enter, take the profits, and commence the foreclosure provided by law; that mortgages made subsequent to the statute would necessarily refer to it, and be governed and controlled by it in all matters affecting their validity, construction, or discharge—*Chamberlain* v. *Company*, 55 N. H. 249; and that the perfection of the title of the mortgagee in the land would depend upon his doing certain things authorized by the deed, no matter who might then be the owner of the equity. So the act of 1791 provides, in substance, that if the mortgagor, his heirs, executors, administrators, or assigns, do not redeem within one year after the mortgagee or the persons claiming under him have entered and taken peaceable

possession for condition broken, or within one year after the mortgagee or those claiming under him shall have been in peaceable and continued actual possession after the condition broken, whether the possession in either case shall have been gained by process of law, or by peaceable entry without such process, the right shall be foreclosed. The statute makes the entry of the mortgagee for condition broken, peaceable possession, and the time it is to continue, the essential things for him to do to foreclose, while the only thing for the mortgagor, his heirs, etc., to do to prevent a foreclosure is to redeem; and this they must do within one year from the entry. No exception is made of minor heirs or any other party holding under the mortgagor. The language of the statute is general, and includes all the heirs of the mortgagor, unless good reasons can be found for an exception or limitation.

The statutes as to the foreclosure of mortgages, in the editions of 1797, 1815, and 1830, named the heirs of the mortgagor, among others, as persons that may redeem to avoid a foreclosure, making no exception, in either edition, of minor heirs. In the Revised Statutes it is in substance provided that the mortgagor and those claiming under him may redeem. Rev. Sts., c. 131, ss. 14, 17. The language of the General Statutes and of the General Laws is alike, and is that " The right of the mortgagor, and all persons claiming under him, to redeem any mortgaged premises, shall be forever barred and foreclosed by the mortgagee in the following modes," etc. G. L., c. 136, s. 14.

It cannot be well claimed that this statute does not mean the same it would if it had specially named that the heirs of the mortgagor shall be forever barred and foreclosed, nor that the language does not include all his heirs, whether adults or minors; but if a doubt exists, it would seem that the language used in the early statutes removes it.

It is said, however, that all statutory provisions are construed as meaning to include in the scope of their effect only such persons as have such a legal status that their rights can be affected thereby. This may be true in instances where the legislature has no power to do so, or perhaps where for good reasons it is plain that it did not intend to do it; but in this instance the legislature had the power, and apparently has exercised it,—at least, it has used language that includes the plaintiffs, if it intended to do so.

The mortgagee, by foreclosing the mortgage, only appropriates the land in the manner authorized by the ancestor, the mortgagor, to the payment of the debt for which it was pledged. The contract is. that he may do this at any time after condition broken. The heirs claim, in substance, that by reason of their minority the contract is suspended as to them, and that a statutory foreclosure cannot be made under the statute with reference to which the deed was made. But we think it was the intention of the legislature that the mortgagee should have the right to proceed with the stat-

utory foreclosure according to the letter of the statute; that the plaintiffs are bound by the deed of Elizabeth; and that Williams had the right to foreclose it in the manner provided by statute, under the authority given him by Elizabeth in her mortgage deed. *Pitts* v. *Aldrich*, 11 Allen 40.

The legislature, in authorizing an administrator, under the license of the probate court, to execute a deed of land which the ancestor contracted to convey (G. L., c. 201, c. 10), is an instance of its providing for the completion of the contract of an ancestor without special reference to the heirs, in order that justice may be done. Also, in section eleven of the same chapter, it is provided that when it shall appear by the will of a deceased person that it was his intention that his executor should dispose of his real estate for any lawful purpose, the judge may license him to sell the same for the purpose intended.

In *Boody* v. *Emerson*, 17 N. H. 577, it was held that to obtain license of the probate court to sell real estate, it is not necessary that minors entitled by the terms of the statute to notice of the petition should have guardians appointed; and in the opinion of the court on this point, it is said that it is not necessary to do more than the statute requires. That case has a direct bearing on the question now raised,—that when the statute creates a new system, substantially independent of the common law, it is necessary to do only what is required by the statute. *Hobson* v. *Roles*, 20 N. H. 41; *Worster* v. *Company*, 41 N. H. 16. In the last case, *Bell*, C. J., in discussing the facts proved, and the requirements of the statute not shown to have been complied with, uses this language: "probably if the other facts necessary to constitute a foreclosure were also proved, it would be competent evidence of these facts against everybody."

So far as the statute has received a construction by the court, it has been that where its provisions are complied with, the foreclosure is a bar to the right of every one to redeem claiming under the mortgagor. *Kittredge* v. *Bellows*, 4 N. H. 424; *Gilman* v. *Hidden*, 5 N. H. 30; *Downer* v. *Clement*, 11 N. H. 40; *Howard* v. *Handy*, 35 N. H. 315; *Deming* v. *Comings*, 11 N. H. 474; *Green* v. *Cross*, 45 N. H. 580; *Wheeler* v. *Scully*, 50 N. Y. 667; *Mills* v. *Dennis*, 3 Johns. Ch. 367; *Wilson* v. *Branch*, 77 Va. 65—*S. C.*, 46 Am. R. 709, 715; *Hall* v. *Bumstead*, 20 Pick. 2. We think this was the intention of the legislature, and the correct construction to be given to the statute.

It is true that it is the policy of the law to guard the rights of minors, and this is entitled to its weight in the construction of this statute; but it is also true that it is the policy of the law in this state that our public land records shall state completely and truthfully our land titles. This is also entitled to its weight. It may be that the construction that would enable the plaintiffs to recover would not harm the usefulness of the statute, or the confidence that

is and should be placed in the reliability of our land records as a protection against latent rights, if they exist, but do not appear of record, and in no way are made known to the public, but it is to be feared that it would.

The case at bar is a marked instance of the wrong, if not the fraud, that may be practised upon innocent purchasers arising from such a result; and to what extent the titles to other lands may be affected in like manner is not known.

Our conclusion is, that the plaintiffs are barred by the foreclosure of the Williams mortgage.

*Bill dismissed.*

BLODGETT J., did not sit: the others concurred.