MANUEL GARCIA, BY HIS NEXT FRIEND ANTONIO GARCIA, *v.* KEKAHA SUGAR COMPANY, LIMITED, A CORPORATION.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED MAY 2, 1910.                    DECIDED MAY 6, 1910.

HARTWELL, C.J., PERRY AND DE BOLT, JJ.

*Limitation of actions—injuries to person.*

Act 113 S. L. 1907, limiting to one year the time for bringing actions for injuries to the person, does not allow exceptions for disability of infancy such as were made in Sec. 1979 R. L.

OPINION OF THE COURT BY HARTWELL, C.J.

The plaintiff, a minor, brought by his next friend this action to recover the sum of $15,000 for personal injuries resulting from negligence in stopping without warning and at an unusual place a train of open flat cars, on one of which the minor was riding, and from defective appliances, guards and couplings. The defendant's demurrer to the declaration on the ground that "it appears that the cause of action attempted to be set forth is barred by limitation of the time by reason of and under the provisions of Act 113 of the Session Laws of 1907," was sustained, and the plaintiff electing to stand by his declaration judgment was entered for the defendant the plaintiff excepting thereto as well as to the order sustaining the demurrer.

The claim of the plaintiff is that Act 113 which limits the

bringing of such actions to one year after the cause accrued is subject to the provision (Sec. 1979 R. L.) of the general statute of limitations (Sec. 1971 R. L.) by which if a person receiving personal injuries is within the age of twenty years the time of six years therein limited for bringing his action does not begin to run until he reaches his majority.

The argument in substance is that the statute which makes this provision for disability is not expressly repealed by Act 113 and is not repealed by implication since, as the plaintiff claims, there is nothing in the provision for disability which is necessarily inconsistent with Act 113. A large number of cases are cited to the effect that repeals by implication are not favored, which is true, in the meaning that the implication ought to be quite clear, but our statute, with this modification, ·fixes the rule on this subject.

"The repeal of a law is either express or implied; it is express when it is literally declared by a subsequent law; it is implied when the new law contains provisions contrary to, or irreconcilable with, those of the former law." Sec. 21 R. L.

Act 113 S. L. 1907 enacts: "Actions for the recovery of compensation for damage or injury to persons or property must be instituted within one year next after the cause of action accrued, and not after. Provided that actions, on such causes, which accrued prior to the approval of this Act, if otherwise barred hereby, may be brought within one year after such approval and not later."

This last enactment on the subject does not purport to amend Sec. 1971 R. L. and is inclusive of all cases therein mentioned.

The argument of hardship to the minor in not being allowed until he becomes of age to bring his action presents a question of legislative policy which we are not at liberty to consider.

Exceptions overruled.

T. M. Harrison for plaintiff.

C. R. Hemenway (Smith, Warren & Hemenway on the brief) for defendant. ·