## SADIE M. DECANO AND ESTHER K. VIERRA *v.* HUTCHINSON SUGAR CO., LTD.

No. 4122.

May 2, 1962.

Tsukiyama, C. J., Wirtz, Lewis and Mizuha, JJ., and Circuit Judge Jamieson in Place of Cassidy, J., Disqualified.

506

OPINION OF THE COURT BY WIRTZ, J.

On February 14, 1957, plaintiffs-appellants filed a civil action to redeem lands which had been mortgaged by their grandfather to defendant-appellee and some years later had been foreclosed by entry and possession by the latter. Following a hearing judgment was entered in favor of defendant on March 25, 1959, dismissing the action on the merits. From this judgment plaintiffs have taken this appeal.

The facts are undisputed. They are contained in a stipulation as to the facts filed in the trial court and in the testimony of the lone witness, a surveyor employed by defendant. On October 18, 1929, Robert Iana Reid, grandfather of the plaintiffs, mortgaged the land in question at Kau, Hawaii, for the purpose of securing a promissory note for $300.00. This mortgage was duly recorded. It provided for foreclosure by "entry and possession." Nothing was ever paid on account of the note. Mr. Reid died in March 1934 and a formal claim was filed in June 1934 against his estate with the administrator thereof. There were four children of the decedent: Joshua Keomailani (the administrator and an adult), Eugenia Reid Ferreira (an adult and the mother of the plaintiffs), Elizabeth (a minor) and Peter (a minor).

By letter dated October 20, 1934, the administrator requested the defendant not to press for payment of the

mortgage indebtedness but to allow the estate to be closed without settlement of the claim and to await future arrangements for payments. Defendant acquiesced in this request by letter dated October 23, 1934, saying in substance that it would rely upon its mortgage as a protection for the repayment of the indebtedness.

Almost two years then went by. The estate was closed in March 1935. Eugenia Reid Ferreira died in November 1935, leaving two minor daughters who are the plaintiffs herein and her husband, John Ferreira, the father of the minor daughters. In July 1936, defendant foreclosed its mortgage by entry and possession in the usual and proper manner required by law. There is no dispute concerning the mechanics of this foreclosure of the mortgage. There apparently was no probate of the estate of said Eugenia Reid Ferreira. Guardianship proceedings as to plaintiffs instituted in 1940, being Probate No. 11539 of the First Circuit Court, disclose that Sadie Decano attained her majority on May 26, 1947, and Esther Vierra on August 17, 1949. As a result of the prior deaths of Elizabeth and Peter, both unmarried, it was agreed that if the foreclosure and subsequent possession by defendant were inoperative to effectively vest title in the defendant, plaintiffs would have an undivided one-half interest in the land in question.

From these basic facts it is seen that at the time of the waiver of settlement in the probate administration of the mortgagor's estate all four of his children were alive, two being then adults. At the time of foreclosure by entry three of these children were alive (Joshua Keomailani, an adult, and Elizabeth and Peter, minors) while Eugenia's one-fourth share had passed to plaintiffs, who were then minors. More than 20 years had passed from the time of foreclosure by entry until the filing of the present suit.

Plaintiffs specified three errors in connection with the

judgment entered by the trial court. At the argument they waived the third specification of error leaving two to be considered.

The first specification of error advanced is that "the Court erred in holding that as against the appellants who were then minors, and of whose minority the appellee had knowledge, the foreclosure by right of entry of the mortgagee on the 52.2 acres was a lawful and complete foreclosure of a valid mortgage which was in default on the date of entry." Defendant challenges the portion of this specification which states that it had knowledge of the minority of plaintiffs at the time of foreclosure and that they were heirs of the mortgagor. Plaintiffs rely on Exhibit "D" attached to the answer in support of their contention. However, an examination of that exhibit reveals that the minors therein referred to were the aunt and uncle of plaintiffs, namely, Elizabeth and Peter, and not the plaintiffs themselves. In any event, the point is immaterial.

The question raised under this specification of error is whether or not the foreclosure by entry under the provisions of what is now R.L.H. 1955, § 336-10[1], is valid against plaintiffs, who were minors at the time and, as heirs of their mother, an heir of the mortgagor, had in

---

[1] "§ 336-10. *Foreclosure by entry.* After breach of the condition, if the mortgagee, or any one claiming under him, is desirous of obtaining possession of the premises for the purpose of foreclosure, he may proceed in either of the following ways:

"(a) He may enter into possession and hold the same by consent in writing of the mortgagor or the person holding under him.

"(b) He may enter peaceably and openly, if not opposed, in the presence of two witnesses and take possession of the premises, in which case a certificate of the fact and time of such entry shall be made and signed and sworn to by the witnesses before any judge of a court. The written consent or the certificate shall be recorded in the bureau of conveyances. No such entry shall be effectual unless such certificate or consent in writing is recorded within thirty days next after the entry is made."

herited an interest in the land.[2]

Understandably there is very little law on this exact question as only four other states, Maine, New Hampshire, Massachusetts and Rhode Island have statutes providing for foreclosure by right of entry. See 10 *Thompson, Real Property,* p. 23. However, such law as has been uncovered indicates that foreclosure by entry and possession is as completely binding against minors' interests as against those of adults, subject of course, to the redemption period which is afforded to the mortgagor or those claiming under him, whether or not they be adults or minors. *Thompson* v. *Paris,* 63 N.H. 421; 59 C.J.S., *Mortgages,* § 532. Hawaii provides for a one-year redemption period, R.L.H. 1955, § 336-12. It has been held that after the expiration of such redemption period, the redemption right of the mortgagor and all persons claiming under him, including minor heirs, is forever barred. *Thompson* v. *Paris, supra; Cf., Walker* v. *Chessman,* 75 N.H. 20, 70 Atl. 248. In the instant case, the redemption period had long since expired when the suit was filed.

The court in the *Thompson* case agreed with the proposition that minors are favored at common law and that their interests must be carefully guarded, but went on to say:

> "* * * It is not what their rights are at common law or in chancery, but what they are now, as modified and controlled by the statute; what the intention of the legislature was in enacting it, and how it should be construed. It is plain that it was not the design of the statute to reenact the chancery method of fore-

---

[2] While not raised by the specification a related question is whether or not the foreclosure by entry is valid against Elizabeth and Peter, who were minors at the time and as heirs of the mortgagor had inherited an interest in the land which subsequently passed in part to plaintiffs if not lost by the foreclosure. Consideration of this question would not change the result.

closing mortgages, but to go aside from it and establish a new and substantially independent system. * * * The statute makes the entry of the mortgagee for condition broken, peaceable possession, and the time it is to continue, the essential things for him to do to foreclose, while the only thing for the mortgagor, his heirs, etc., to do to prevent a foreclosure is to redeem; and this they must do within one year from the entry. No exception is made of minor heirs or any other party holding under the mortgagor. The language of the statute is general, and includes all the heirs of the mortgagor, unless good reasons can be found for an exception or limitation." 63 N.H. 424, 425.

The court then concluded by saying:

"It is true that it is the policy of the law to guard the rights of minors, and this is entitled to its weight in the construction of this statute; but it is also true that it is the policy of the law in this state that our public land records shall state completely and truthfully our land titles. This is also entitled to its weight. It may be that the construction that would enable the plaintiffs to recover would not harm the usefulness of the statute, or the confidence that is and should be placed in the reliability of our land records as a protection against latent rights, if they exist, but do not appear of record, and in no way are made known to the public, but it is to be feared that it would.

"The case at bar is a marked instance of the wrong, if not the fraud, that may be practised upon innocent purchasers arising from such a result; and to what extent the titles to other lands may be affected in like manner is not known." 63 N.H. 426, 427.

The case of *Maile* v *Carter*, 17 Haw. 49, is of considerable interest in this connection. In that case the mortgagee made an entry and filed a certificate, apparently intending

to proceed under the provisions of what is now R.L.H. 1955, § 336-10, but thereafter proceeded to sell the property under power of sale, thus following what is now R.L.H. 1955, § 336-5. It should be noted that no statutory right to redeem is given the mortgagor, or any one claiming under him, under foreclosure through power of sale (R.L.H. 1955, §§ 336-5 through 9).

Thereafter, the executrix of the mortgagor's estate, on behalf of herself and her minor children, brought suit to set aside the foreclosure. As indicated in the court's opinion in that case and in the opinion on the motion for rehearing in 17 Haw. 643, most of the contentions now made by the plaintiffs herein were there made. Among these were "that under the allegations this is not one of the cases in which the rights of minor heirs may be cut off by foreclosure and that to deprive them of the right to redeem would produce inequitable consequences," and "that equity seizes upon slight circumstances to relieve minors from the strictness of the law and that sufficient circumstances are alleged in this case." (17 Haw. 644). The court, nonetheless, held that the foreclosure was valid and binding as against the minor heirs.

If defendant could not foreclose by entry against plaintiffs on account of their minority, the statute and the remedy, as well as the rights therein provided, would become nullities. *Cf.*, *Colby* v. *Poor*, 15 N.H. 198. Such effect could not have been contemplated in view of the plain wording showing the purpose and intent of the statute.

Plaintiffs argue that in the *Thompson* case, if the New Hampshire court had been construing the Hawaii statute it would have reached a contrary conclusion. They point out that the New Hampshire statute contains language providing in substance that if the mortgagor, his heirs, executors, administrators or assigns do not redeem within

one year "the right of the mortgagor, and all persons claiming under him, to redeem any mortgaged premises, shall be forever barred and foreclosed \* \* \*." In other words, they point to the fact that the New Hampshire statute contains language specifically stating that after one year the right of redemption is lost to the mortgagor and all claiming under him, whereas the Hawaii statute mentions only the mortgagor and not those claiming under him. They contend that since Hawaii's statutory provisions on foreclosure by entry are general and do not contain the above quoted language or words of like import, there is no basis under which plaintiffs as minors claiming under the mortgagor could be included within the provision of our statutes. If that is true then our statute applies only to the mortgagor and does not govern any one else claiming under him. Such reasoning would lead to absurd results defeating the very purpose of the legislative enactments. In the event of the mortgagor's death prior to entry, as in this case, the mortgagee's statutory right to foreclosure by entry would be effectively barred. Further, in the event of the mortgagor's death after entry but before the redemption period had expired, no one, even though he be *sui juris,* could redeem the mortgaged property and, in addition, the requirement that the mortgagee account for his stewardship during possession[3] would become a nullity. In other words, the rights conferred by our statutory provisions on foreclosure by entry could be effectively lost through no fault of the parties to the mortgage. Our legislature certainly

---

[3]"§ 336-11. *Expenditures by mortgagee.* The mortgagee in possession is authorized to make such expenditure as is necessary to carry on the estate or to keep the same in good condition, giving credit for the income. The balance shall be placed in the account for or against the estate, as the case may be, if the mortgagor makes a tender for redemption." (R.L.H. 1955).

could not have intended such a chaotic result. To give effect to the intention of the legislature the words "and all persons claiming under the mortgagor" must be construed as inherent and implied in the statute. The security for a mortgage is the property, in this case the land, and the rights and obligations to discharge the mortgage and free the property devolve on the owners of the property at the time.

It is clear that heirs of a daughter of the mortgagor, whose interest in the mortgaged land has been acquired through inheritance, are included within the provisions of our statute on foreclosure by entry and possession as being persons claiming through and under the mortgagor. There remains to be considered whether or not, because of their disability as minors at the time of entry and during the redemption period, the law allows an exception from foreclosure of their rights.

There is no saving exemption or exclusion in our statute on the right of redemption in favor of persons under disability. See R.L.H. 1955, § 336-12.[4] The statute simply states that possession obtained pursuant to the provisions of R.L.H. 1955, § 336-10, "being continued for the term of one year shall forever foreclose the right of redemption." It is the redemption right that is foreclosed and not the holder of that right. The redemption right is simply the right to redeem regardless of who happens to possess that right from time to time during the running of the redemption period. There is not an iota of difference whether the holder is a minor or an adult; the right itself is lost regardless of who may possess the right.

It should be remembered that the right of redemption

---

[4]"§ 336-12. *Redemption barred, when.* Such possession obtained in either of the two modes above described being continued for the term of one year shall forever foreclose the right of redemption."

after entry is purely a creature of the legislature. No such right to redeem after entry existed at common law. *Parker* v. *Dacres,* 130 U.S. 43; *Hughes* v. *Winkleman,* 243 Mo. 81, 147 S.W. 994; *Layton* v. *Thayne,* (C.C.A. 10th) 133 F.2d 287, cert. den., 319 U.S. 760. Where the legislature has deemed fit to make no saving exemption or exclusion in favor of persons under disability in fixing a time limitation for their exercise of rights in land, it has been held that the courts are powerless to do so. *Thompson* v. *Paris, supra; Maile* v. *Carter, supra; Thurston* v. *Bishop,* 7 Haw. 421; *Cf. Fairfield Sav. & Loan Ass'n* v. *Central Nat. Bank,* 19 Ill. App. 2d 465, 154 N.E.2d 333. Statute of limitation cases, while not directly in point, serve to illustrate this principle.

In *Demarest* v. *Wynkoop,* 3 Johns. Ch. R. 129, 8 Am. Dec. 467, cited by this court in *Thurston* v. *Bishop, supra,* the court had this to say:

"The doctrine of any inherent equity creating an exception as to any disability, where the statute of limitations creates none, has been long, and, I believe, uniformly exploded. General words in the statute must receive a general construction; and if there be no express exception, the court can create none." 8 Am. Dec. 473-474.

The court further observed that:

"* * * The statute has no saving clause for persons laboring under disability, but it is peremptory 'that no sale under such power shall be defeated, to the prejudice of any *bona fide* purchaser, in favor of any person claiming the equity of redemption.' Where the statute makes no exception, the court, as I have already shown, can make none on the ground of any inherent equity applicable to infants." 8 Am. Dec. 477.

In *Garcia* v. *Kekaha Sugar Co.,* 20 Haw. 170, a minor, through his next friend, brought suit to recover for per-

sonal injuries resulting from defendant's alleged negligence. The statute then required that suits for such claims should be brought within one year from the time the cause arose. The minor claimed that the statute was governed by the general statute, thus allowing him six years after reaching majority. It was held that the statute as to claims for personal injuries made no saving exemption or exclusion of persons under disability and all such actions must be brought within one year. The court concluded by saying:

> "The argument of hardship to the minor in not being allowed until he becomes of age to bring his action presents a question of legislative policy which we are not at liberty to consider." 20 Haw. 171.

It has been generally held that attempts by a court, in its decree, to permit redemption after the expiration of the statutory period are unavailing. *Meyer* v. *Alexander*, 109 Kan. 730, 201 Pac. 859; *Central State Bank* v. *Lord*, 204 Iowa 439, 215 N.W. 716; *Western Land & Cattle Co.* v. *National Bank of Arizona*, 29 Ariz. 51, 239 Pac. 299; *Fairfield Sav. & Loan Ass'n* v. *Central Nat. Bank, supra.*

Finally, disability exceptions[5] extending the operation of statutes of limitation for real actions cannot be engrafted on the statute creating the right of redemption (R.L.H. 1955, § 336-12) so as to extend the period for the exercise of such right beyond that prescribed. *Wood* v. *Vogel*, 204 Ala. 692, 87 So. 174; *Cf., Taylor* v. *McGregor State Bank*, 144 Minn. 249, 174 N.W. 893; *Walker* v. *Chessman, supra.* The statute creating the right of re-

---

[5]For example, R.L.H. 1955, § 241-33, which provides:
*"Disabilities.* If, when such right of entry or of action first accrues as aforesaid, the person entitled to such entry or action, is within the age of twenty years, or insane or imprisoned, such person, or anyone claiming from, by or under him, may make the entry or bring the action at any time within five years after such disability is removed, notwithstanding the ten years before limited in that behalf, have expired."

demption and limiting the time for its exercise is not a statute of limitations. While creating a right, such right of redemption does not of itself engender a "right of entry or of action." It is only when the mortgagee in possession, or any one claiming under him, refuses to recognize the exercise of the right of redemption within the prescribed period that a "right of entry or of action" accrues. Such was not the case here.

The court in *Wood* v. *Vogel, supra,* in denying the applicability of the exception granted under The Soldiers' and Sailors' Civil Relief Act of March 8, 1918, so as to extend the right of redemption under a foreclosure sale, explains the rationale of the rule in the following language:

"The right of redemption under section 5746 et seq. from judicial and quasi judicial sales of real estate is not a property right, but is a mere personal privilege accorded by the statute, to be exercised in the manner and within the time prescribed by law. Lewis v. McBride, 176 Ala. 134, 57 South. 705; Burke v. Brewer, 133 Ala. 389, 32 South. 602; Parmer v. Parmer, 74 Ala. 285. It is not a right of action in the sense in which statutes of limitations are applicable, and the prescription of a period of two years within which the privilege must be exercised does not create a statute of limitations. That prescription affects the right, and not the remedy, whereas a statute of limitations operates upon the remedy only, except in actions for the recovery of property. Jefferson County Sav. Bank v. Barbour, etc., Co., 191 Ala 238, 68 South. 43. The distinction between the assertion of the statutory right to redeem and the subsequent enforcement of the perfected right by suit is illustrated by the case of Posey v. Pressley, 60 Ala. 243, 251, where it was held that the limitation of three years did not begin to run against

the redemptor's action of unlawful detainer until the rejection of his offer to redeem. And in Mewburn's Heirs v. Bass, 82 Ala. 622, 629, 2 South. 520, in denying the applicability of the three-year extension of limitation statutes in favor of persons under disability after disability removed (section 3236, Code 1876; section 4846, Code 1907), this court said, per Stone, C. J.:

" 'The statutory right of redemption *is in no sense a statute of limitations.* It is a mere boon or privilege offered, by accepting which, in the terms offered, the debtor, or certain classes of his creditors, may acquire title to property which otherwise had passed from their reach. The boon is lost if not accepted within the time offered, and on the conditions prescribed.' (Italics supplied.)" 87 So. 175.

While it was not specified as error, nor raised in the briefs, the question of the sufficiency of the notice, under our statute providing for foreclosure by entry and possession, to satisfy the requirements of the due process clause of the Constitution of the United States was brought out in argument. Our statute does not require publication of notice prior to entry, but does require recordation in the Bureau of Conveyances of a certificate of the fact and time of such entry within 30 days after the entry. R.L.H. 1955, § 336-10.

Under a statute which similarly provides only for the recordation of the certificate of entry without additional notice it has been held that such was not violative of due process as to non-resident mortgagors. *Joyner* v. *Lenox Sav. Bank,* 322 Mass. 46, 76 N.E.2d 169; and see *Donovan* v. *Sweetser,* 135 Me. 349, 196 Atl. 767, where it was held under such a statute, that a mortgagee is not required to notify mortgagor of entry for purposes of foreclosure, other than by recording.

It should be borne in mind that the extinguishment of any rights of the mortgagor, or of those claiming under him, does not occur at the time of entry but rather upon the expiration of the statutory period of redemption. The statutory requirement of recordation of the certificate of entry affords authoritative notice of such entry. In *Lennon* v. *Porter,* 71 Mass. (5 Gray) 318, the court was explicit in saying with reference to this section: "The object of this provision is to give notice to all persons concerned." To the same effect is *Ellis* v. *Drake,* 90 Mass. (8 Allen) 161, 163. The recordation of the certificate of entry is constructive notice to all persons who claim any title or interest acquired subsequent to the mortgage under which the entry for foreclosure is made, and enables them to determine, with facility and precision, what is necessary to be done for the preservation and protection of the interest which they may have acquired in the estate. *Robbins* v. *Rice,* 73 Mass. (7 Gray) 202, 203.

It should be noted that here the right to foreclose by "entry and possession * * * as provided by Chapter 167, Revised Laws of Hawaii, 1925" was spelled out in the mortgage itself. This language was sufficient to incorporate in the mortgage contract, by way of reference, the provisions of the existing statutes (now R.L.H. 1955, § 336-10 and § 336-12) providing for such foreclosure and the notice to be given in connection therewith as well as the statutory period of redemption. The statutory provisions on foreclosure by entry and possession governed and controlled the mortgage; they became a part of the contract between the mortgagor and the mortgagee and any person holding under the mortgagor took it subject to those contractual limitations.

In *Maile* v. *Carter, supra,* the question of sufficiency of notice was raised and the court had this to say:

"Without implying in the least that there is any

sound basis for the contention as to unconstitutionality or implying that if the statute were void and the sale also in consequence, equity could set aside the sale, it is sufficient to say that if the statute were void so far as the requirement of publication other than that provided by the mortgage is concerned, the sale might still be sustained as having been conducted in pursuance of the provisions of the mortgage irrespective of the statute or perhaps in pursuance of that portion of the statute which provides that such notices shall be given and such acts done as are authorized or required by the power contained in the mortgage." 17 Haw. 54.

Thus, it can be seen that no serious constitutional question was raised in the argument in connection with the sufficiency of the notice required to be given in foreclosure by entry under our statute.

Inasmuch as the second specification of error would be applicable only in the event that the foreclosure by right of entry and possession under the statute was held to be inoperative as to the plaintiffs, it becomes unnecessary to consider this further question as to the effect of the adverse possession of the defendant or the alleged laches of the plaintiffs.

Affirmed.

*W. Y. Char,* Attorney for Plaintiff-Appellants.

*Howard H. Moore (Pratt & Tavares)* Attorneys for Defendant-Appellee.

I cannot base affirmance of the judgment upon the ground that section 336-10 of the Revised Laws of Hawaii 1955,[1] is applicable to minors. It seems to me that the decision should rest on the failure of the plaintiffs to exercise their right of redemption under section 336-12 of the Revised Laws of Hawaii 1955,[2] within one year after attaining their majority. The disabilities provision of section 241-33 of the Revised Laws of Hawaii 1955,[3] is applicable to section 336-10 of the Revised Laws of Hawaii 1955. However, the provision in said section allowing minors five years after attaining their majority to make an entry or bring an action is limited by section 336-12 of the Revised Laws of Hawaii 1955 to a period of one year on redemption actions after foreclosure by entry.

---

[1]"§ *336-10. Foreclosure by entry.* After breach of the condition, if the mortgagee, or any one claiming under him, is desirous of obtaining possession of the premises for the purpose of foreclosure, he may proceed in either of the following ways:

"(a) * * * * * * * * * * * * * * * * * *

"(b) He may enter peaceably and openly, if not opposed, in the presence of two witnesses and take possession of the premises, in which case a certificate of the fact and time of such entry shall be made and signed and sworn to by the witnesses before any judge of a court. The written consent or the certificate shall be recorded in the bureau of conveyances. No such entry shall be effectual unless such certificate or consent in writing is recorded within thirty days next after the entry is made."

[2]"§ *336-12. Redemption barred, when.* Such possession obtained in either of the two modes above described being continued for the term of one year shall forever foreclose the right of redemption."

[3]"§ *241-33. Disabilities.* If, when such right of entry or of action first accrues as aforesaid, the person entitled to such entry or action, is within the age of twenty years, or insane or imprisoned, such person, or anyone claiming from, by or under him, may make the entry or bring the action at any time within five years after such disability is removed, notwithstanding the ten years before limited in that behalf, have expired."