CAMP vs. SIMON.

[BILL IN EQUITY FOR REDEMPTION OF LAND.]

1. *To whom tender must be made.*—Where the purchaser at execution sale has sold and conveyed the land to another person, who is in open possession under his purchase, a tender can only be made to the latter.
2. *Weight of responsive answer.*—The testimony of two witnesses, or of one witness with corroborating circumstances, is necessary to overcome the denials of a sworn answer, which is responsive to the allegations of the bill.
3. *What constitutes tender.*—A mere proposition to pay is not, of itself, a valid tender : there must be an actual production of the money, or something to excuse the failure to produce it.

APPEAL from the Chancery Court at Wetumpka.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 28th May, 1851, by Eugene Simon, against N. S. Graham and Edward Camp; and sought to redeem a certain tract of land,

which had been sold under execution against said Simon on the 21st May, 1849, and purchased at the sale by said Graham, who, before the filing of the bill, had sold and conveyed to his co-defendant, Camp, who was in possession when the bill was filed. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, which the defendants now assign as error.

JOHN T. MORGAN, for the appellants.

ELMORE & YANCEY, contra.

A. J. WALKER, C. J.—The purchaser at execution sale, "on receiving the sheriff's deed, becomes the absolute owner." "Nothing is left in the former owner, or his judgment creditors, but the naked right to redeem." Spoor v. Philips, 27 Ala. Rep. 193; Kannon v. Pillow, 7 Humph. 281–293. The title, subject only to the right to redeem, vested in the purchaser at execution sale, is assignable. He may transfer by deed his title, as he may the title to other land. After a conveyance by the purchaser at execution sale, all his right is vested in his grantee; and an application to redeem must be made to the grantee. The redemption statute contemplates a payment or tender, after a conveyance by the purchaser at execution sale, to the grantee "claiming under such purchaser;" certainly where the grantee has gone into possession after his purchase.—Clay's Digest, 502, § 1.

Graham, the purchaser at the execution sale, had, before the tender alleged in the bill, parted by a conveyance with all his right, and vested it in Camp, who had gone into open and known possession. It was requisite, therefore, that the tender should be made to Camp; and neither a tender to Graham, nor a waiver of a tender by him, after his conveyance, could vest the equitable right, the existence of which is requisite to the maintenance of the bill.—Spoor v. Philips, 27 Ala. 193.

[2.] The right to a decree in favor of the complainants cannot exist, unless there was a tender to Camp. Camp denies, in response to the allegation of the bill, that any tender was made to him. This denial is made in sworn

answers; and the bill was filed in 1851, before the adoption of the Code. It was requisite, therefore, that the complainants should overcome the denial of the answer, by the testimony of two witnesses, or of one witness fortified by corroborating circumstances. The allegation of the bill is supported by the testimony of one witness, who deposes that a tender was made by a sub-agent of Simon. But that testimony is not corroborated by any circumstances, or supported by any other witness. On the contrary, the credibility of the witness is somewhat impaired by the fact, that there is an inconsistency between his testimony and that of another witness, as to the offer of money to the defendant Graham.

[3.] The answer of Camp admits, that an agent of the judgment debtor came to him, and told him that he was authorized to make a tender. This admission of the answer would not be sufficient to establish a tender, even if it had gone farther, and admitted that the witness said he was ready to make the tender. A mere proposition to pay is, of itself, insufficient. There must be an actual production of the money, or there must be something to excuse the failure to produce it.—McGehee v. Gewin, 25 Ala. 176; 9 Bacon's Abridgment 313, 314, Tender, (B.) 1.

On account of the want of sufficient proof of tender, the court below erred in not dismissing the complainant's bill; and its decree must be here reversed, and a decree must be rendered, dismissing the complainant's original and amended bills at their costs, and the appellees must pay the costs of this court.