BRUCE N. TAYLOR v. McGREGOR STATE BANK.[1]

December 5, 1919.

No. 21,483.

**Soldiers' and Sailors' Civil Relief Act — construction — statutory foreclosure of mortgage.**

The act of Congress known as the Soldiers' and Sailors' Civil Relief Act, approved March 8, 1918, was designed and intended to authorize

[1]Reported in 174 N. W. 893.

and require in particular instances the restraint and stay of judicial proceedings commenced in any state or Federal court for the enforcement of pecuniary obligations against those in the military service of the United States, but it has no application to the nonjudicial proceeding for the foreclosure of a real estate mortgage by advertisement, as authorized by our statutes, which was fully completed by a sale of the mortgaged property prior to the commencement of the military service of soldier affected, though the period of redemption had not then expired.

Action in the district court for Aitkin county for an order extending the time within which plaintiff might redeem from foreclosure of mortgage pursuant to the Soldiers' and Sailors' Civil Relief Act of 1918. From an order, McClenahan, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Affirmed.

*Louis Hallum,* for appellant.

*L. T. Mahany,* for respondent.

BROWN, C. J.

Appeal from an order sustaining a general demurrer to plaintiff's complaint.

The facts as disclosed by the complaint, supplemented by certain verbal concessions made by counsel on the argument of the demurrer in the court below, and thus made part of the record, are as follows: Plaintiff and another person were the joint owners of the land and premises described in the complaint, and on December 4, 1915, they mortgaged the same to the Pioneer Life Insurance Company, a North Dakota corporation, to secure the payment of a debt due and owing by them to that company in the sum of $1,617.83. Default was made in the payment thereof and the mortgage was duly foreclosed by advertisement, as authorized and provided for by our statutes on the subject, the sale thereunder being had on the fourteenth day of May, 1918; the right of redemption continuing for the period of one year thereafter, but none was made.

Plaintiff is a citizen of the United States of military age, and on June 14, 1918, 30 days after the date of the foreclosure sale, was duly called and inducted into the military service of the United States under the Selective Service Act of Congress,[1] in which service he thereafter and up

[1][40 St. 76, c. 15 (U. S. Comp. St. 1919 Supp. 2019a, 2019b, 2044a-2044b.)]

to the commencement of this action remained in the active discharge of his military duties in this country and in France. By reason of his call to that service and his retention therein, he has been unable to provide funds with which to make redemption from the foreclosure, and on May 12, 1919, some ten days before the expiration thereof, brought this action under the act of Congress known as the Soldiers' and Sailors' Civil Relief Act, approved March 8, 1918, and prayed as relief that the time of redemption be extended by the judgment of the court for such reasonable time as might be sufficient to enable plaintiff to protect his rights in and to the mortgaged property by a redemption from the foreclosure.

The trial court held that the act of Congress relied upon, properly construed, had no application to the facts presented. In that conclusion we concur.

The general purpose of the act of Congress upon which the action is founded (sections 3078¼a, et seq. U. S. Comp. St. 1919 Supplement),[1] was the protection of those in the military service, and to prevent injury to their civil rights during their term of service naturally to arise from judicial proceedings conducted against them in their absence. It was made to apply to those in the service on the date of its enactment, from and after that date, and to those subsequently entering the service from the date of such entry. It provides generally for restraining judicial proceedings against those in the service, to the prejudice of their rights, and is expressly made applicable to all Federal and state courts and to actions and proceedings commenced therein; that actions and proceedings so commenced during the period of military service may and in particular instances shall be stayed by order of the court to the extent necessary to protect the rights of the parties, including the stay of executions, attachments and garnishments issued during the military service. It protects rights in executory land contracts, and provides for restraining the foreclosure of mortgages, trust deeds and all sales of property under powers granted by contract, or under warrant of attorney, in the enforcement of any of which judicial proceedings are necessary. But we find no provision of the act from which it may be said that Congress intended it to apply to other than judicial proceedings instituted to enforce pecuniary and kindred obligations. The proceeding involved in this action, the statutory foreclosure by advertisement is in no sense judicial,

[1] [40 St. 440, c. 420.]

for the power of authority of the court is in no way invoked or involved therein. It is wholly extra-judicial, and it is doubtful whether the act of Congress can be held to apply.

We do not however decide the point, for it seems beyond question that the act can have no application to proceedings of that character which were fully completed prior to the entry of the person affected thereby into the military service. Such is this case. The foreclosure proceeding was completed by the sale on the fourteenth day of May, 1918, and plaintiff did not enter the military service until June 14 following. Properly construed the act can have a prospective operation only, which of course would include proceedings coming within its terms which were pending at the time of the entry of the soldier into the military service. But it cannot well be construed to relate back so as to affect a fully completed proceeding of the character of that here involved and authorize the court either to annul or undo the same, or suspend the operation and effect thereof, though the period of redemption had not expired on the date the soldier entered the service. It is clear that the act does not cover such a case, and the order appealed from must be and is affirmed, without a consideration of other questions going to the validity or scope of the statute.

Order affirmed.