(87 South. 174)

WOOD v. VOGEL.    (1 Div. 148.)

(Supreme Court of Alabama.   Dec. 16, 1920.)

1. **Army and navy** ⬥34—Soldiers' and Sailors' Civil Relief Act is prospective in scope.

The Soldiers' and Sailors' Civil Relief Act (U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3078¼a et seq.), declaring that the act is for the purpose of temporarily suspending proceedings which may prejudice the civil rights of persons in military or naval service, is prospective in its operation, and limits its restraint of sales made under a vendor's lien with power of sale to sales made thereafter.

2. **Army and navy** ⬥34 — Time for redemption is not extended by Soldiers' and Sailors' Civil Relief Act.

The right of redemption given by Code 1907, § 5746 et seq., from judicial and quasi judicial sales is a mere personal privilege, and must be exercised within the two years prescribed; hence the Soldiers' and Sailors' Relief Act (U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3078¼e), declaring that the period of military service shall not be included in computing any period of limitation, does not apply so as to extend the time within which the right of redemption may be exercised

Thomas and Brown, JJ., dissenting.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill by Bertram J. Vogel against Harriet E. Wood to redeem property from vendor's foreclosure sale. From a decree overruling demurrers to the bill, respondent appeals. Reversed and rendered.

The bill shows that Vogel owed a balance of $2,000 on real estate secured by a vendor's

lien with a power of sale for its collection. The debt fell due prior to November 27, 1916, on which date the property was sold under the power by the lienholder, and was purchased by a third party, through whom by mesne conveyances it passed to the respondent, Mrs. Wood, on November 4, 1918. At the time of the foreclosure sale and prior thereto Vogel was in the military service of the United States, and so remained continuously until May 19, 1919, when he was honorably discharged. Thereafter on August 4, 1919, Vogel made written demand upon Mrs. Wood for a written statement of the debt and all lawful charges claimed by her against said property, and notified her of his desire to redeem from the foreclosure sale, which right he claimed under the provisions of the Soldiers' and Sailors' Civil Relief Act. Respondent ignored this notice and demand. Complainant alleges that he is able, ready, and willing to pay and offers to pay respondent such an amount as is ascertained to be due her for the redemption of said property from said foreclosure sale. Respondent demurred to the bill, assigning a want of equity and other special grounds.

Gordon & Edington, of Mobile, for appellant.

The bill affirmatively shows that Vogel did not do the things required by the statute, in order to vest himself with the equitable right of redemption at any time within two years after the date of the sale. 74 Ala. 285; 133 Ala. 389, 32 South. 602. The act referred to (U. S. Comp. St. 1918, p. 417) did not extend the time within which the statutory right of redemption might be exercised. 144 Minn. 249, 174 N. W. 893.

Clarke, Brown & Kohn, of Mobile, for appellee.

Counsel set out in full the act referred to and insist that under it the complainant had a right to redeem. 231 Mass. 324, 121 N. E. 15; 233 Mass. 223, 123 N. E. 780, 9 A. L. R. 78; (Mass.) 125 N. E. 594.

SOMERVILLE, J. [1] The theory of complainant's bill is that, although his normal period for redemption under Alabama laws expired on November 27, 1918, yet, under the provisions of the Soldiers' and Sailors' Civil Relief Act of March 8, 1918 (U. S. Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3078¼a et seq.), the normal period was extended beyond the date of his proffered redemption, to wit, August 4, 1919, by the elimination from that period of the term of his military service, viz. from March 8, 1918, to May 19, 1919.

The demurrer challenges the applicability of the act to a statutory redemption from a foreclosure sale completed before the passage of the act.

The scope and policy of the act is expressed in its first section (section 3078¼a) as follows:

"For the purpose of enabling the United States the more successfully to prosecute and carry on the war in which it is at present engaged, protection is hereby extended to persons in military service of the United States in order to prevent prejudice or injury to their civil rights during their term of service and to enable them to devote their entire energy to the military needs of the nation, and to this end the following provisions are made for the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service during the continuance of the present war."

By the express language of subdivision (2) of section 3078¼aa, the act is made prospective in its operation; and subdivision (3) of section 3078¼ff limits its restraint of sales made under a power to such sales as were made during the period of military service, which is defined in section 3078¼aa as service beginning with the approval of the act. And, indeed, there is no contention that the foreclosure sale under the power was invalid or in any way subject to the provisions of the act.

[2] We find in the act no provision relating to redemption from foreclosure sales made under a power or otherwise prior to the operation of the act, but we assume that complainant's contention is based upon the general provision relating to the limitation of actions (section 3078¼e) which is as follows:

"The period of military service shall not be included in computing any period now or hereafter to be limited by any law for the bringing of any action by or against any person in military service or by or against his heirs, executors, administrators, or assigns, whether such cause of action shall have accrued prior to or during the period of such service."

The right of redemption under section 5746 et seq. from judicial and quasi judicial sales of real estate is not a property right, but is a mere personal privilege accorded by the statute, to be exercised in the manner and within the time prescribed by law. Lewis v. McBride, 176 Ala. 134, 57 South. 705; Burke v. Brewer, 133 Ala. 389, 32 South. 602; Parmer v. Parmer, 74 Ala. 285. It is not a right of action in the sense in which statutes of limitations are applicable, and the prescription of a period of two years within which the privilege must be exercised does not create a statute of limitations. That prescription affects the right, and not the remedy, whereas a statute of limitations operates upon the remedy only, except in actions for the recovery of property. Jefferson County Sav. Bank v. Barbour, etc., Co., 191 Ala. 238, 68 South. 43. The distinction between the assertion of the statutory right to redeem and the subsequent enforce-

ment of. the perfected right by suit is illustrated by the case of Posey v. Pressley, 60 Ala. 243, 251, where it was held that the limitation of three years did not begin to run against the redemptor's action of unlawful detainer until the rejection of his offer to redeem. And in Mewburn's Heirs v. Bass, 82 Ala. 622, 629, 2 South. 520, in denying the applicability of the three-year extension of limitation statutes in favor of persons under disability after disability removed (section 3236, Code 1876; section 4846, Code 1907), this court said, per Stone, C. J.:

"The statutory right of redemption *is in no sense a statute of limitations.* It is a mere boon or privilege offered, by accepting which, in the terms offered, the debtor, or certain classes of his creditors, may acquire title to property which otherwise had passed from their reach. The boon is lost if not accepted within the time offered, and on the conditions prescribed." (Italics supplied.)

It is clear, we think, that the quoted section of the Civil Relief Act, extending, periods of statutory limitation for the bringing of actions by or against any person in military service, does not apply to the period of statutory redemption here involved, and we are satisfied that such an extension of its protective purpose was not intended by the Congress. It is unnecessary, therefore, to consider the constitutional validity of the act if it were so extended.

We are supported in our conclusion by the decision of the Supreme Court of Minnesota in the recent case of Taylor v.. McGregor State Bank, 144 Minn. 249, 174 N. W. 893, wherein, upon a complaint for redemption from a foreclosure sale under power, under conditions not materially different from those here exhibited, a general demurrer was sustained.

The decree of the circuit court will be reversed, and a decree will be here rendered sustaining the demurrer for want of equity.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN, SAYRE, and GARDNER, JJ., concur. THOMAS and BROWN, JJ., dissent.

"(3) For further plea to the first count of the plaintiff's complaint, the defendant says:

---

⚖99 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes