209 So.2d 398

**Ray KIRKLEY**

**v.**

**Mozelle K. BAILEY, Exrx. et al.**

**6 Div. 182.**

Supreme Court of Alabama.

April 11, 1968.

Jack R. Evans, Tuscaloosa, for appellant.

Skidmore & Skidmore, Tuscaloosa, for appellee Bailey.

Dominick, Roberts & Davidson, Tuscaloosa, for appellee Housh.

COLEMAN, Justice.

A respondent in a proceeding to construe a will appeals from an adverse decree.

The date of the will is June 7, 1962. Testator, Morgan D. Kirkley, died on August 8, 1963. Mozelle K. Bailey, a daughter of the testator, was named in the will as executrix. She filed, in the probate court, a petition praying for probate of the will.

In the petition, the executrix set forth the names of testator's next of kin as follows:

"(1.) Mozelle K. Williams, a married woman, over 21, daughter, Opelika, Alabama;

"(2.) Billie K. Glenn, over 21, a married woman, daughter, 450 N. Court St., Florence, Ala.;

"(3.) Sandra K. Brady, a married woman, over 18, granddaughter, 221 B., Mt. Vernon Drive, Montgomery, Ala.;

"(4.) Ray Kirkley, 17 years old, grandson, 2416 26th Avenue, Northport, Ala.;

"(5.) Johnny Kirkley, 19 years old, 2416 26th Avenue, Northport, Ala., the adopted child of Jack Kirkley, a son, deceased."

Mozelle K. Williams, the daughter of testator named in the petition, is one and the same person as Mozelle K. Bailey, the daughter who is named as executrix in the will and who filed the petition for probate of the will.

The daughter, Billie K. Glenn, accepted service of notice of the day set for hearing the petition for probate.

The granddaughter, Sandra K. Brady, also accepted service of notice.

The sheriff served notice on the grandson, Ray Kirkley.

The judge of probate issued notice: "To Johnny Kirkley, 2416—26th Ave., Northport, Alabama." Apparently this notice was never served. The sheriff made return: "NOT FOUND in Tuscaloosa County . . . ." The record does not disclose that service on Johnny Kirkley was made by any other method.

The probate court appointed counsel " . . . to act as Guardian ad litem for Ray Kirkley minor *heirs* of Jack Kirkley, deceased, to represent and protect *their* interests upon the probate of the will of Morgan D. Kirkley, *his* grandfather." (Emphasis supplied)

The appointed counsel filed written acceptance of " . . . the appointment of Guardian ad litem for Ray Kirkley minor *heirs* of Jack Kirkley and Morgan D. Kirkley deceased, to represent and protect *their* interests upon the hearing of the above named proceedings . . . ." (Emphasis supplied.)

The probate court admitted the will to probate and record on the day previously set for the hearing, September 6, 1963, and granted letters testamentary to Mozelle K. Williams on that day.

On petition of the executrix, administration of the estate was removed to the circuit court, in equity.

On November 8, 1963, the executrix filed in the circuit court, in equity, a petition, or bill, praying for construction of Item III of the will which recites:

"ITEM THREE: I give, devise and bequeath my business, the Reliable Jewel-

ry Store, located at 2315—6th Street, Tuscaloosa, Alabama, to my sister in law, Mary Housh, and my son, Jack Kirkley, to operate during their lives or as long as either of them desires to so do. Upon the death of either this business shall become the property of the survivor of the two above named persons absolutely."

The executrix alleged that Jack Kirkley, testator's son named in Item III, had predeceased testator on February 21, 1963, and that Jack Kirkley " . . . . left surviving him as his sole decendant, a son, namely Ray Kirkley . . . . "[1]

The executrix prays that process issue to Mary Housh, Billie Glenn, Sandra K. Brady, and Ray Kirkley, there being no question as to the provisions of said will affecting the First National Bank of Fayette, Alabama.

Summons issued to and were served on Grace Kirkley, mother of Ray Kirkley, a minor, and Ray Kirkley. We have found no summons issued to or served on Mary Housh, Billie Glenn, or Sandra K. Brady.

Ray Kirkley nominated Jack R. Evans, a practicing attorney, to be his guardian ad litem, and the court appointed the guardian nominated. He accepted the appointment.

The court found that Mary Housh is owner of the Reliable Jewelry Store and the bank account in the name of the store.

Ray Kirkley appeals by his guardian ad litem. Mary Housh and the executrix have filed briefs.

Appellant assigns for error that the court erred in rendering the decree appealed from because the minor, Johnny Kirkley, is not made a party to the proceedings to construe the will.

§ 5, Title 27, Code 1940, provides, with respect to adopted children, that:

---

1. The petition recites:

"4. Petitioner would further show unto the Court that the Testator's son, Jack Kirkley, mentioned in said will, predeceased the Testator, dying intestate in Tuscaloosa County, Alabama, on or about the 21 day of Feb., 1963 and left surviving him as his sole decedent, a son, namely Ray Kirkley, a minor of the age of 17 years. Petitioner would further show unto the Court that the Reliable Jewelry Store disposed of in Item III of said will is a going business concern, that it is worth a substantial amount, that there is now on deposit in the City National Bank of Tuscaloosa the sum of about $3800 to the credit of the Reliable Jewelry Store, and Petitioner is uncertain as to whether or not said Jewelry Store is now the property of the said Mary Housh, mentioned in Item III, or whether the Reliable Jewelry Store is owned jointly by Mary Housh and the surviving son and only child of the said Jack Kirkley, the said Ray Kirkley; Petitioner is also uncertain as to whether or not the said bank account is disposed of in Item III of said will.

"5. Petitioner would further show unto Your Honor that the Testator's wife mentioned in said will, Anna Kirkley, who also predeceased Testator, she dying intestate in Tuscaloosa County, Alabama, on, to-wit the 19 day of Dec., 1962 leaving as her presently surviving heirs at law and next of kin, Your Petitioner, who is a daughter over the age of 21 years, Mrs. Billie K. Glenn, a daughter over the age of 21 years who resides at 450 North Street, Florence, Alabama, Sandra K. Brady, a granddaughter, who is a married woman over the age of 18 Years and who resides at 221 B Mt. Vernon Drive, Montgomery, Alabama, and the said Ray Kirkley, a grandson who is a minor of the age of 17 years residing at 2416 26th Avenue, Northport, Alabama. Petitioner further avers that the Legatees (sic) and Devisees under said will are, Your Petitioner, Mozelle K. Williams, being one and the same person as Mozelle K. *Bailwy*, the above named Billie K. Glenn, the above named Sandra K. Brady and the above named Ray Kirkley, Mary Housh, over 21, who resides in Tuscaloosa County, Alabama, and First National Bank of Fayette, Alabama; the said Anna Kirkley, the wife of decedent and Jack Kirkley, the son of decedent, having predeceased the Testator, and Petitioner is advised by counsel that she cannot with safety to herself and the rights and interests of others proceed in the execution of said will without the advice and protection of this Court in giving a Construction to the several clauses and provisions of said will and more particularly in construing the present legal effect of Item III thereof . . . . ."

" . . . . and the child shall be invested with every legal right, privilege, obligation, and relation in respect to education, maintenance and the rights of inheritance to real estate, or to the distribution of personal estate on the death of such adopting parent or parents as if born to them in lawful wedlock. . . . ."

This record discloses that Johnny Kirkley is the adopted child of Jack Kirkley, deceased. We are not advised of any reason why Johnny Kirkley does not have the same rights as Ray Kirkley in the subject matter of the controversy in the instant suit. If Ray Kirkley is a necessary or indispensable party, and we think he is, then Johnny Kirkley is also a necessary party.

In a suit where complainant sought construction of a will, this court said:

"We take it to be an established principle that in such a suit in equity all persons who are shown by the bill to be directly interested in the questions sought to be settled by the decree are necessary parties. If the court is asked to declare a legal status affecting such interests, they should be present or duly represented. Sometimes the bill makes allegations of fact which if true exclude any interest. Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756. . . . ." Morgan County Nat. Bank of Decatur v. Nelson, 244 Ala. 374, 378, 379, 13 So.2d 765, 767.

We find nothing in this record to show that Johnny Kirkley is not directly interested in the questions sought to be settled by the decree.

Appellee, Mary Housh, says in brief:

" . . . . For aught that is known, John P. Kirkley could be a non-resident to be dispensed with in keeping with the provisions of Equity Rule 29, Title 7, Code of Alabama of 1940, as last amended."

There is nothing in this record to show that Johnny Kirkley resides outside the jurisdiction of the court, or that, if so, he cannot be made a party as provided by law

in cases where the court has jurisdiction of the res. The claim here is to something more than a fund. We think appellee's argument is answered as follows:

" . . . . Rule 29 provides, *inter alia.* 'The decree shall be without prejudice to the rights of the absent parties in that they may claim their shares of any funds in court, or if paid out by order of court, may recover their shares from parties to whom such funds may have been so paid.'

"The quoted provision of said rule relates to cases dealing with the disbursement of funds subject to distribution, but cannot apply to a permanent incumbrance on the legal title or the right of unity of possession and use of tenants in common. Such incumbrance would be a source of irritation and the production of future litigation and vexation by necessary parties not being brought within the jurisdiction of the court in respect to the res. The burden of bringing necessary parties in is on the complainant and on final hearing if he has omitted a necessary party, his bill will be dismissed. Warner v. Warner, 248 Ala. 556 [8, 9], 566, 28 So.2d 701; Ruffin v. Crowell, Ala.Sup., 46 So.2d 218; Baisden v. City of Greenville, 215 Ala. 512, 513, 111 So. 2." Methvin v. Haynes, 254 Ala. 58, 63, 64, 46 So.2d 815, 819.

In a proceeding to construe a will, the Supreme Court of Colorado had this to say:

" 'In accordance with well settled principles elsewhere considered on a bill for the construction of a will, all persons who are interested in the subject matter of the suit and whose interests will necessarily be affected by the construction of the will and the decree rendered in accordance therewith are not only proper, but necessary and indispensable, parties, except perhaps "in exceptional cases where the rights of such parties can in no event be prejudiced, and justice will be served, by their answer." This is so not

only because they should be afforded an opportunity to assert or defend their rights, but also to enable the court to render a decree by which they are concluded, and finally to adjudicate the controversy. As was well said: "The construction of a will without the presence before the court of parties to be affected by the construction would be a mere academic deliverance—a sort of moot court opinion." . . . .'" Eccles v. Gabriel, 123 Colo. 229, 232, 233, 227 P.2d 344, 346.

■ The general rule in a court of equity is that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man's rights should be controverted in a court of justice unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe, because of the presence in court of all parties who have an interest in its subject matter. The general rule further is that if a bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception that if a cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu. Prout v. Hoge, 57 Ala. 28. See also: Batre v. Auze's Heirs, 5 Ala. 173; McMaken v. McMaken, 18 Ala. 576; Woodward v. Wood, 19 Ala. 213; McCully v. Chapman, 58 Ala. 325; Watson v. Oates, 58 Ala. 647; Amann v. Burke, 237 Ala. 380, 186 So. 769; Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259; Garrison v. Kelly, 257 Ala. 105, 57 So.2d 345.

■ For the omission of Johnny Kirkley as a party, the decree must be reversed and the cause remanded.

■ As was decided in Prout v. Hoge, supra, appellant, not having made this objection in the trial court, is in fault, and must pay one-half the costs of this appeal and the appellees the remainder.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.