228 So.2d 827

**Robbie FUTRAL**

v.

**R. C. HENRY and Rena Henry.**

**5 Div. 6.**

Court of Civil Appeals of Alabama.

Dec. 1, 1969.

Tom Radney, Larry W. Morris, Alexander City, for appellees.

Wilbanks, Wilbanks & Dillon, Alexander City, for appellant.

THAGARD, Presiding Judge.

The Appellees, the paternal grandparents of Herman Edward Futral, who before he was adopted by his stepfather, was Herman Edward Henry, Jr., brought a suit in equity against Mrs. Robbie Futral, the mother of the minor child and the former wife of Herman Edward Henry, Sr. (now deceased) for the right to visit their said grandchild and to have him visit them periodically. The testimony was taken orally before the Court and the Court rendered a decree granting the relief prayed for and spelling out the times for visitation. From that decree Mrs. Futral, the mother, has appealed.

We are in complete accord with the findings and the relief granted by the decree of the trial Court, but for the reason hereinafter explained we must reluctantly reverse and remand.

The bill of complaint was filed on July 31, 1967. The final decree was rendered on December 10, 1968. But on October 28, 1968, before the rendition of the final decree, the Probate Judge of Tallapoosa County rendered a final decree of adoption of the minor child by his stepfather, Billy Clifford Futral. Billy Clifford Futral was never made a party to the suit.

We recognize the general rule that the trial Court will not be put in error because of the failure to include an essential party unless the same was in some manner brought to the attention of the Court, but in this case we feel that the adoptive father is so essential as to make a reversal necessary; this because the adoptive father is the legal father, and as the husband of the mother, is the head of the household, and we think the Court is powerless to enforce the decree against him, wherefore the decree for practical purposes is a nullity.

We are supported in this view by the case of Kirkley v. Bailey, Exrx, et al., 282 Ala. 115, 209 So.2d 398, in which the Supreme Court said:

"The general rule in a court of equity is that all persons having a material interest, legal or equitable, in the subject matter of a suit, must be made parties, either as plaintiffs or defendants. The rule proceeds on the principle that no man's rights should be controverted in a court of justice unless he has full opportunity to appear and vindicate them; and further, that complete justice may be done and future litigation avoided, the performance of the decree being safe, because of the presence in court of all parties who have an interest in its subject matter. The general rule further is that if a bill is defective for the want of proper parties, advantage should be taken of the defect by plea, demurrer, or answer, and if not so taken, the objection is waived. The rule is subject to the exception that if a cause cannot be properly disposed of, on the merits, without the presence of the absent parties, the objection may be made at the hearing, or on error, it may be taken by the court ex mero motu."

and cases therein cited.

We regret the delay that will be caused by this reversal, but the delay would be greater if we affirmed and the adoptive father chose to ignore the decree.

Reversed and remanded.