249 So.2d 865

Earl C. TURBERVILLE and N. S. Hare

v.

Lewis L. LYNAM and Charlie R. Woddail, Jr.

I Div. 36.

Court of Civil Appeals of Alabama.

June 23, 1971.

W. Mark Anderson, III, Montgomery, for appellants.

Windell C. Owens, Monroeville, for appellees.

BRADLEY, Judge.

On October 25, 1967, Earl C. Turberville, one of the appellants here, obtained a judgment against Lewis L. Lynam and Charlie R. Woddail, Jr., appellees here, in the Monroe County Circuit Court in the amount of $10,000.00 plus costs. N. S. Hare, an attorney, the other appellant here, represented Turberville in the lawsuit resulting in the above mentioned judgment.

Execution was issued on said judgment, and on April 1, 1968, the sheriff of said county sold 71½ acres of land belonging to appellee Lynam. The property was purchased by the appellants for $500.00. The $10,000.00 judgment was reduced by this $500.00 payment.

At the time the 71½ acres were sold at the exectuion sale, there was in existence on said property, a mortgage in the amount of $5,218.00 held by Mrs. Thelma Jaye.

On October 21, 1968 Mrs. Jaye foreclosed on said mortgage. At the foreclosure sale the property was bid in by Charles L. Sawyer for $7,350.00. This sum was $2,-132.00 in excess of the $5,218.00 outstanding on the mortgage. From the $2,132.00 there was deducted the expenses of the foreclosure sale and attorney's fee, amounting to $393.15, leaving a net balance of $1,738.85 which was paid over to appellants as owners of the property resulting from the execution sale.

On March 4, 1970 appellees filed in the Monroe County Circuit Court, in Equity, a bill against appellants seeking to stay further execution on the judgment entered against them on October 25, 1967; and also asking the court to permit appellee Lynam to redeem the property sold to appellants at the execution sale of April 1,

1968. The bill further sought an accounting to ascertain the amount due on the judgment held by appellant Turberville. Appellees had paid into court $8,905.72 to apply on the judgment. This $8,905.72 included the $500.00 paid by appellants at the execution sale.

The case was submitted to the trial court on the bill of complaint as amended, answer, and stipulation of facts.

On April 21, 1970 the trial court decreed that appellee Lynam was entitled to redeem the property in question from appellants who purchased it at the execution sale; that appellees were entitled to a credit against the judgment indebtedness of $1,738.85, which was the amount appellants received from the purchaser at the mortgage foreclosure sale of October 21, 1968.

From this decree appellants have appealed to this court.

There were four assignments of error. These assignments mainly question the action of the trial court in permitting appellee Lynam to redeem from appellants and the decision to apply the amount paid to appellants by Sawyer at the mortgage foreclosure sale on the judgment held by appellant Turberville.

In arguing their contention that the trial court erred in granting appellee Lynam the right to redeem from the appellants the property sold to them at the execution sale, appellants say that the period within which redemption could be effected had expired prior to appellees filing their bill of complaint in the trial court.

Appellants assert that the two year period of redemption authorized by Title 7, Section 727, Code of Alabama 1940, as Recompiled 1958, was reduced to one year by Act No. 1107, Acts of Alabama 1969, dated September 12, 1969, and inasmuch as the execution sale occurred on April 1, 1968, the one year period of redemption had expired before appellees filed their bill of complaint, which was done on March 4, 1970.

In substance appellants are arguing that Act No. 1107, supra, had retroactive effect, and cite us to three Alabama cases holding that the statutory right of redemption is a mere personal privilege and not property or a property right, and must be exercised in the manner and within the time prescribed by law. See Mewburn v. Bass, 82 Ala. 622, 2 So. 520; Wood v. Vogel, 204 Ala. 692, 87 So. 174; and McGowan v. Williams, 241 Ala. 588, 4 So.2d 164.

Title 7, Section 743, Code of Alabama 1940, as Recompiled 1958, is also confirmatory of the holdings in the three cited cases.

We agree with appellants' contention as to the effect of the statutory right of redemption, especially in view of Section 743, supra; however, we also believe that the redemptive right is a *right* as opposed to a remedy, and as such arises after the equity of redemption is cut off either by sale or by foreclosure.

In Mewburn v. Bass, supra, the Supreme Court, in holding that the redemptive period is not a statute of limitation, said:

"The boon is lost if not accepted within the time offered, and on the conditions prescribed."

Also, in Wood v. Vogel, supra, the Supreme Court in reiterating that the redemptive period was not a statute of limitation, stated:

"That prescription [statutory right of redemption] affects the *right*, and not the *remedy*." (Emphasis added.)

Even though a distinction has been made between statutes creating *remedies* and those creating rights, the Supreme Court in Barrington v. Barrington, 200 Ala. 315, 76 So. 81, and quoted with approval in Sills v. Sills, 246 Ala. 165, 19 So.2d 521, had the following to say about "remedial statutes":

"Remedial statutes—those which do not create, enlarge, diminish, or destroy vested rights—are favored by the courts, and their retrospective operation is not ob-

noxious to the spirit and policy of the law.

"But a statute which gives a new legal effect to conduct or conditions occurring or existing prior to its enactment, thereby imposing upon any person unanticipated disabilities or alterations of legal status, is retrospective in a sense which is odious to the law, and, as to such operation, is strongly disfavored by the courts, even though it does not offend the Constitution * * *. This disfavor has everywhere found expression in a rigorous rule of construction which denies retroactive effect to such a statute unless by its express terms or by unmistakable implication, the Legislature must have so intended. * * *"

Also, in Mobile Housing Board v. Cross, 285 Ala. 94, 229 So.2d 485, it was said:

"* * * statutes are to be considered prospective, unless the language is such as to show that they were intended to be retrospective."

We have not been shown any language in the statute in question, i. e., Section 727, supra, indicating a legislative intent to apply said statute retrospectively. Moreover, since we deem said statute not to be remedial in nature, but rather expository of a right, it does not come within the rule of construction applicable to statutes remedial in nature.

Therefore, we are of the opinion that appellee Lynam was not deprived of his two year period of redemption by the passage of Act No. 1107, supra.

■ However, we are still confronted with the question of whether appellee Lynam's right of redemption ran to appellants or to the purchaer at the mortgage foreclosure sale. It may be remembered that appellant's interest in the property was transferred to Sawyer, who purchased the property at the mortgage foreclosure sale, prior to the effort of appellees to redeem from appellants.

It has been decided by our appellate courts that the statute—Section 727, supra—authorizing redemption operates on the title to the property being redeemed. Hobson v. Robertson, 224 Ala. 49, 138 So. 548. Therefore, the effort to redeem must be directed to the holder of the title to the property.

In the case at bar the holder of the title at the time the bill of complaint was filed was not appellants, but was the purchaser at the mortgage foreclosure sale, Mr. Sawyer; and he was not a party to the proceedings below.

Turberville and Hare, purchasers at the execution sale, acquired all of the interest of the mortgagor-execution debtor Lynam, which was the equity of redemption, and there was nothing left in Lynam but the right to redeem from the execution sale. Camp v. Simon, 34 Ala. 126; and Figh v. Taber, 203 Ala. 253, 82 So. 495.

And, when the appellants' interest was obtained by Sawyer as a result of his acquiring the property at the mortgage foreclosure sale, any redemption from the execution sale would have to be directed to Sawyer. Camp v. Simon, supra.

After the mortgage foreclosure sale, Sawyer owned all the interests in the property in question. Appellants had no interest at all; appellee Lynam had a naked statutory right of redemption to redeem from Sawyer, who owned all interests and title to the property, not appellants, who at that point had no interest in the property.

It appears, therefore, that the decree of the trial court authorizing redemption from appellants was a nullity. Redemption could not be had against a person who did not hold the title to the property.

Ordinarily, the absence of necessary parties from a lawsuit will not preclude relief unless the matter is brought to the attention of the trial court by appropriate pleadings. The absence of a necessary party in this case was not brought to the attention of the trial court.

However, in Kirkley v. Bailey, 282 Ala. 115, 209 So.2d 398, the Supreme Court held that where the case cannot be decided on its merits without the presence of necessary parties, the court, at the appellate level may, ex mero motu, consider the question and take appropriate action, i. e., action that would have been taken by the trial court had the matter been brought to its attention. See also Futral v. Henry, 45 Ala.App. 214, 228 So.2d 827.

We therefore consider Mr. Sawyer to be a necessary party to this suit, and we will remand the case to the trial court to permit the appellees to add the necessary party.

The next question for consideration is whether or not the trial court correctly decreed that the $1,738.85 received by appellants from Sawyer at the mortgage foreclosure sale for their interest in the property obtained by purchasing it at the execution sale could be applied to the reduction of the judgment held by appellant Turberville against appellees.

The purchase of the property by appellants at the execution sale was as if they were strangers to the whole proceeding. They bid on the property, which right was accorded to anyone else wishing to bid on the property.

The appellants' bid on the property at the execution sale was accepted and they were then invested with title to the property, subject to the mortgage.

Had appellants retained the title to the property, appellee Lynam would have had two years in which to redeem the property from them.

But, before such redemption was attempted, there was a mortgage foreclosure sale.

The results of this sale were that appellants were divested of their title to the property, and title was invested in the purchaser at the foreclosure sale, Mr. Sawyer.

Appellants were then compensated for their interest in the property which they had purchased at the execution sale.

We cannot perceive of any valid reason why the proceeds of the mortgage foreclosure sale inuring to appellants should be applied to the judgment held by appellant Turberville against appellees.

Turberville and Hare were bona fide purchasers at the execution sale, and the $500.00 received at that sale was applied to the reduction of the $10,000.00 judgment held by Turberville against the appellees.

As a result of the execution sale, Turberville and Hare became the bona fide owners of the property in question, subject to the mortgage held by Mrs. Jaye.

Subsequently, Mrs. Jaye foreclosed the mortgage, there was a sale, and Mr. Sawyer bought the property including the interest of Turberville and Hare.

It seems to us that appellants were merely buying and selling real estate as they had a right to do.

The parties have not impressed us with any good reason why the $1,738.85 received by appellants as a result of buying and selling this property should be applied to the reduction of appellant Turberville's judgment that he holds against appellees; moreover, we have been unable to find any legal excuse for so using the proceeds of the foreclosure sale inuring to appellants.

We find that the trial court erred in decreeing that the $1,738.85 received by appellants as a result of selling their interest in the property in question to Mr. Sawyer be applied to the reduction of appellant Turberville's judgment against appellees.

For the errors committed by the trial court as herein pointed out, this case is reversed and remanded.

Reversed and remanded.