SHORES, Justice.
Tommy Farris appeals, challenging a summary judgment in favor of the defendants, Jim Walter Homes, Inc. (hereinafter “Jim Walter”), and Mary E. Simmons, in a suit claiming damages for wrongful foreclosure and seeking to exercise the statutory right of redemption.
On appeal, Farris argues that the foreclosure was improper. He says that Jim Walter wrongfully refused his attempt to cure; that he was never given notice of the foreclosure sale; that the sale was not conducted by the attorney of record; and that the resale to Mrs. Simmons was for a profit of $9,596.29, evidencing an abuse of *1339 trust. Further, Farris argues that his failure to redeem within the statutory period should be excused, and, should the foreclosure be held valid, that he should be allowed to redeem the property from Mrs. Simmons. Jim Walter and Mary Simmons insist that the foreclosure sale and the subsequent sale to Mrs. Simmons were proper in all respects, and that Farris’s right of redemption has been forfeited. We agree.
Summary judgment is proper when “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P.; Key v. First Alabama Bank of Hartselle, 466 So.2d 128 (Ala. 1985).
In this case, the following facts are undisputed. In April 1975, Mr. and Mrs. C.C. Wedgeworth, Farris’s grandparents, executed a note and mortgage to Jim Walter upon their purchase of a house and lot. According to the terms of the note and mortgage, repayment was to be made in 108 monthly payments of $142.10, and the mortgagors were required to pay promptly all taxes and to keep the premises insured. In addition, the note contained an acceleration clause, which provided:
“It is agreed that time is of the essence of this contract and that in the event of default in payment of any installment for a period of thirty days, the holder of this note may, at its option, declare all of the remainder of said debt due and collectible and any failure to exercise said option shall not constitute a waiver of the right to exercise the same at any other time.”
The mortgage was assigned to Mid-State Homes for servicing, and, therefore, payments were remitted to it and not to Jim Walter.
In April 1979, the appellant, Farris, bought the house and lot from the Wedge-worths, subject to the mortgage held by Jim Walter. However, no formal assumption of the debt was executed. Farris apparently fulfilled the obligations under the mortgage until 1983, when he neglected to pay the ad valorem taxes assessed against the property. Then, beginning in January 1984, he failed to make five consecutive monthly payments. Thereupon, the mortgage was reassigned to Jim Walter, and Jim Walter notified the mortgagors of record, the Wedgeworths, of impending foreclosure proceedings. However, the proceedings were aborted when Farris paid the arrearage. Immediately thereafter, Farris defaulted again by failing to make payments due in July, August, and September of 1984. In addition, Farris had failed to maintain insurance on the premises and to pay the taxes on the property for 1983 and 1984. These charges were paid by Jim Walter, increasing to $1,087.65 the amount in default.
In September 1984, a second foreclosure proceeding on the mortgaged property began. The proceedings were advertised in the Mobile County News on September 27, October 4, October 11, and October 18, 1984, in accordance with § 35-10-2 and § 35-10-8, Code of Ala. (1975). The announcements named the Wedgeworths as the mortgagors of record and listed R.A. Norred as the attorney conducting the sale. In addition to the newspaper advertisement, the Wedgeworths were personally notified by certified mail of the impending foreclosure. Having learned of these foreclosure proceedings, Farris attempted to cure the default by sending Jim Walter a money order for $426.30, the amount owed in past due payments. The money order was returned to Farris as being insufficient to cure the total default, and Jim Walter made a demand for full payment of the outstanding debt, $9,034.11, in accordance with the note’s acceleration clause.
The foreclosure sale was conducted on November 5, 1984, by Duane A. Wilson, acting as attorney-in-fact for Jim Walter. Jim Walter, the highest — and only — bidder, bought the property for $8,634.11, and a foreclosure deed was executed and recorded. In April 1985, judgment was granted in favor of Jim Walter in an action for possession of the foreclosed property, and a writ of possession was granted. In June 1985, Jim Walter sold the lot and house to Mary E. Simmons for $11,100, with $500 *1340 down and the remainder to be financed over 12 years.
On June 27, subsequent to the sale to Mrs. Simmons, Farris made a written demand for redemption of the property from Jim Walter and as a result he was informed that the property had been sold. Farris then filed this suit seeking to have the foreclosure set aside and to recover damages for wrongful foreclosure, as well as to exercise his right of redemption against Jim Walter. In the event the foreclosure was found to be proper, Farris sought to exercise his right of redemption against Mary Simmons, the subsequent purchaser.
In October 1986, Jim Walter filed a motion to dismiss the redemption claim against it, on the ground that it no longer held legal title to the property. The motion was granted, and the claim was dismissed on the authority of Turberville v. Lynam, 47 Ala.App. 43, 249 So.2d 865 (1971). In January 1987, Jim Walter and Mrs. Simmons moved for summary judgment on the grounds that there was no genuine issue of material fact and that each defendant was entitled to a judgment on the two remaining claims as a matter of law. This motion was supported by an affidavit stating the facts set out above. The plaintiff did not file any evidentiary response. He merely filed a brief in which he made the following arguments, which are repeated on appeal. Summary judgment was granted, and Far-ris appealed. We affirm.
As to his contention that his attempt to cure was wrongfully rejected, Farris argues that acceptance by Jim Walter of previous late payments constituted a waiver of the right to accelerate on the later delinquency. However, as stated by this Court in Auto-Plaza, Inc. v. Central Bank of Alabama, 394 So.2d 6 (Ala.1980), the fact that a creditor may accept one late payment does not alter the express terms of a non-waiver of acceleration clause contained in the agreement between the parties. Therefore, because the promissory note executed with the mortgage contained a non-waiver of acceleration clause, it is clear that Jim Walter did not waive its right to accelerate.
Farris also argued that the sale was improperly conducted because he did not receive notice of the foreclosure. Section 35-10-8, Alabama Code (1975), states that “[njotice of [the foreclosure] sale shall be given in the manner provided in such mortgage.” The mortgage in the instant case stated that, upon default, the property would be sold at public outcry “[a]fter first giving thirty days’ notice of the time, place and terms of the sale, together with a description of the property to be sold, by publication once a week for four consecutive weeks in a newspaper published in said County.” Jim Walter clearly complied with this provision when it published notice of foreclosure in the Mobile County News, a newspaper published in Mobile County.
The third defect in the foreclosure urged by Farris is that a variance regarding the identity of the auctioneer (the foreclosure notice named Norred, but the auction was actually conducted by Duane Wilson, who was authorized by Norred to act as his attorney-in-fact) somehow hindered Farris’s efforts to cure his default, to bid at the foreclosure sale, or to redeem. Far-ris cites Alabama Code (1975), §§ 35-4-90 and 35-4-294, in support of this proposition. Both statutes are inapplicable. Section 35-4-294 merely requires the same formalities for passing title regardless of whether title is passed through a power or by other means. Section 35-4-90 deals with the recording of conveyances and is intended to protect bona fide third-party purchasers. The statutes are not designed to be construed together, and they certainly do not imply that either an assignment between mortgagees or the giving of a power to act as auctioneer need be recorded.
Finally, Farris’s claim that the resale of the subject property to Mrs. Simmons for $18,230.40 is evidence of bad faith, is without merit. Farris presented no admissible evidence to support this contention, and, by contrast, Jim Walter presented an affidavit by its property manager which stated that the $18,230.40 figure is actually the combined sales price and *1341 aggregate finance charge. The affidavit stated that the actual sales price was $11,-100.
As to Farris’s claim that he should be allowed the opportunity to redeem the property from Mrs. Simmons, we note that the right to redeem foreclosed property is a right conferred exclusively by statute, and the condition upon which this right may be exercised is that the person seeking redemption must comply fully with the terms of the statutes conferring the right, or he must show valid reasons for failure in any particular, Dorty v. Soles, 248 Ala. 45, 26 So.2d 261 (1946); Wilkes v. Hood, 237 Ala. 72, 185 So. 748 (1939); see also § 6-5-230 et seq., Code of Alabama (1975). Consequently, a complaint seeking redemption under § 6-5-234 must aver a tender or a demand for a statement of the sums due; Foerster v. Swift, 216 Ala. 228, 113 So. 31 (1927); Paulling v. Meade, 23 Ala. 505 (1853). See also Purcell v. Smith, 388 So.2d 525 (Ala.1980). It is uncontroverted that Farris neither demanded a statement nor tendered payment to Mrs. Simmons, and he did not aver in his complaint that he had done so. In addition, Farris presented no evidence to support his contentions that the demand of a statement or the tender of payment was excused. He raised the argument that when he attempted to redeem, Jim Walter and Mid-State refused to reveal the name of the subsequent purchaser, thus preventing redemption. However, it was also uncontroverted that Mrs. Simmons was in actual, open, visible possession of the property from June 18, 1985, to the time this action was brought. Where the vendee is in actual, visible possession of the land, there is sufficient notice of alienation, and payment or tender must then be made to such vendee. Thompson v. Brown, 200 Ala. 382, 383, 76 So. 298 (1917) (citing Camp v. Simon, 34 Ala. 126 (1859)).
R.A. Norred’s uncontroverted affidavit stated that by the third week of June 1985, Farris had actual notice that Mrs. Simmons was occupying the foreclosed-upon property. Farris thus had both actual and constructive notice of Mrs. Simmons’s ownership of the property.
We hold that the defendants, Jim Walter and Mrs. Simmons, properly supported their motion for summary judgment, and that, by contrast, Farris failed properly to respond by showing that a material issue of fact did exist. The trial court was left with no alternative; it had to consider the evidence uncontroverted and render a summary judgment in favor of the defendants.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.